■ TIMOTHY R. BURLESON, Appellant, v CALLANAN INDUS-TRIES, INC., Respondent, et al., Defendants.—Mikoll, J. Appeals (1) from an order of the Supreme Court (Tait, Jr., J.), entered August 18, 1988 in Madison County, which granted defendant Callanan Industries, Inc.'s motion for a severance, and (2) from an order of said court, entered December 15, 1988 in Madison County, which denied plaintiff's motion for renewal and reargument.

Plaintiff was injured in two car accidents, the first occurring on June 2, 1987 when the vehicle he was driving was struck on the driver's side by a vehicle owned by defendant Callanan Industries, Inc., and the second occurring on September 12, 1987 when plaintiff was struck head on by a vehicle owned by defendant Raymond W. Ackerman and operated by defendant Carol S. Baker. Plaintiff sued all three defendants in one complaint for damages sustained in both accidents. Plaintiff alleged injuries to his head, body and limbs, and a disabling injury to his back. Callanan moved to sever the claims on the ground that joinder was improper and prejudicial. In opposing the motion, plaintiff alleged that he suffered a back injury in the first accident from which he was beginning to recover when the second accident occurred, exacerbating his back injury. His doctor's office notes were offered in support of this contention. Supreme Court concluded that the two actions do not lend themselves to a single trial and granted a severance. Plaintiff then moved to renew and reargue, which Supreme Court denied. Plaintiff now appeals from both orders.

We agree that Supreme Court properly ordered a severance here. Plaintiff's contention of prejudice because of possible inconsistent verdicts in separate trials is not supported by his submissions. Plaintiff was well on the way to recovery when the second accident occurred. His physician's notes do not indicate that there is an impossibility of assessing the relative damages caused by the two accidents.

With regard to his motion to renew, plaintiff sought to offer a new physician's statement which states that there is a difficulty in separating the responsibility for plaintiff's injuries in the two accidents. Plaintiff also alleges limited insurance coverage in the second accident as affecting the possibility of

prejudice to him. Plaintiff's motion, however, was properly denied in that plaintiff failed to submit a valid excuse for not submitting the additional facts in the first instance *(see, Champlain Val. Elec. Supply Co. v Miller,* 89 AD2d 1036).

Orders affirmed, with costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.