██ In the Matter of DEBORAH KALINSKY, Respondent-Appellant, v STATE UNIVERSITY OF NEW YORK AT BINGHAMTON, Appellant-Respondent.—Levine, J. (1) Appeal from a judgment of the Supreme Court (Harlem, J.), entered April 13, 1989 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of plagiarism, and (2) cross appeals from an order of said court, entered June 16, 1989 in Broome County, which, *inter alia,* denied respondent's motion for renewal or reargument.

In January 1988 petitioner, a college student at respondent in her junior year, was charged with plagiarism in connection with the final paper she submitted in an archaeology course taught by Professor Paul Welch. It was alleged that petitioner had copied extensively from a paper written by her housemate, Karen Bauer, who was enrolled in the same course. A hearing was held before the Harpur College Academic Honesty Committee (hereinafter the committee) in February 1988. The committee's function is to hear and deliberate on cases involving academic dishonesty and to make nonbinding recommendations for appropriate action to the Associate Dean of Academic Affairs, who has the authority to render a decision as to the student's guilt or innocence.

At the hearing, testimony was received from petitioner, Welch, Bauer and others, and the papers written by petitioner, Bauer and a third student were submitted for review. Petitioner denied any wrongdoing and claimed that any similarities in the papers were due to casual conversation with Bauer regarding the assignment. The testimony by petitioner and Bauer was at odds concerning who had the greater motive and opportunity to plagiarize the other's work. Minutes of the hearing were prepared and forwarded to the Associate Dean, accompanied by a letter stating that the committee found petitioner guilty of plagiarism and recommending that she be denied registration for the fall semester. The Associate Dean notified petitioner by letter that he concurred with the finding and recommendation of the committee. Enclosed with the

letter was a copy of the hearing minutes, from which two paragraphs summarizing the committee's deliberations and reasons for its conclusions were omitted. Petitioner then appealed the decision to the Acting Dean of Arts and Sciences. The Acting Dean met with petitioner and her attorney and informed her orally that her appeal was denied.

Petitioner thereafter commenced this CPLR article 78 proceeding seeking an annulment of the determination and contending, *inter alia,* that her due process rights were violated and that the decision was erroneous because it was not supported by clear and convincing evidence. Supreme Court granted the petition and annulled the determination, finding that petitioner had been denied due process. Respondent appealed.

Following Supreme Court's decision, respondent moved for leave to renew and reargue the case based upon its offer to submit the complete hearing minutes relied upon by the Associate Dean in reaching his decision. Petitioner crossmoved for an order seeking sanctions against respondent and an award of counsel fees. Supreme Court denied both motions. Respondent appeals from the denial of its postjudgment motion and petitioner cross-appeals from so much of the order as denied her motion for sanctions.

Supreme Court concluded that petitioner was denied due process as a result of (1) the failure of the Associate Dean to reveal the evidence upon which he relied for his decision that the recommendation of the committee should be adhered to, and (2) his failure to state the reasons for the penalty imposed. It is significant to note that the committee's decision was also deficient in this regard. We agree with Supreme Court that due process entitled petitioner to a statement detailing the factual findings and the evidence relied upon by the decision-maker in reaching the determination of guilt. This has been recognized as one of the "rudimentary elements of fair play" in the seminal case in the field of disciplinary proceedings at public institutions of higher education *(Dixon v Alabama State Bd. of Educ.,* 294 F2d 150, 159, *cert denied* 368 US 930; *cf., Morrissey v Brewer,* 408 US 471, 489 [involving parole revocation proceedings]). Such a statement is necessary to permit the student to effectively challenge the determination in administrative appeals and in the courts and to ensure that the decision was based on evidence in the record *(see,* 6 NY Jur 2d, Article 78 and Related Proceedings, § 238, at 129-130). We do not consider *Matter of Mary M. v Clark* (100

AD2d 41), relied upon by respondent, as binding contrary authority, since it did not expressly address the issue.

We also conclude that respondent's motion to renew was properly denied since respondent failed to proffer an adequate excuse for not submitting the complete hearing minutes in the first instance (see, Burleson v Callanan Indus., 151 AD2d 949, 950). Finally, although we affirm Supreme Court's decision annulling respondent's determination on due process grounds, we disagree with the court's ruling that respondent was required to prove the charge by clear and convincing evidence.

The appropriate remedy in this case is remittal for a new hearing. The remaining contentions raised by the parties have been considered and found to be without merit.

Order affirmed and judgment modified, on the law, with costs to petitioner, by remitting the matter to respondent for further proceedings not inconsistent with this court's decision, and, as so modified, affirmed. Weiss, Levine and Harvey, JJ., concur.

Mahoney, P. J., and Casey, J., dissent and vote to reverse in a memorandum by Casey, J. Casey, J. (dissenting). The majority of this court has found that petitioner was denied due process because petitioner did not receive a statement detailing the factual findings and the evidence relied upon by the Associate Dean of Academic Affairs in reaching the determination of guilt on the charge of plagiarism. We disagree. Petitioner had notice of the specific charges and had received the statement of the Harpur College Academic Honesty Committee's procedures and policy which stated the grounds which, if proven, would justify her expulsion or suspension (see, Matter of Mary M. v Clark, 100 AD2d 41, 43-44). She was afforded an opportunity to hear and to confront the evidence presented against her, including an opportunity to be heard and offer her own evidence. She had the representation of an attorney in an advisory capacity. The Associate Dean, who makes the final disposition in such a case, informed petitioner of his and the committee's findings and of the discipline imposed. Finally, a copy of the minutes of the committee's hearing was enclosed and, therefore, available for petitioner's review.

In these circumstances, we cannot agree that the failure of the fact finders to specifically articulate the evidence upon which they relied and the reasons for which the action was taken has deprived petitioner of due process rights sufficient to invalidate the determination of guilt, which had been more

than adequately shown against her. Additionally, petitioner misapprehends the quantum of proof necessary to sustain respondent's determination. The evidence need only be substantial, not clear and convincing. Since this test was adequately met, the order and judgment of Supreme Court should be reversed and respondent's determination confirmed in all respects.