■ In the Matter of DEBORAH KALINSKY, Appellant, v STATE UNIVERSITY OF NEW YORK AT BINGHAMTON, Respondent. [624 NYS2d 679] —Peters, J. Appeals (1) from a judgment of the Supreme Court (Mugglin, J.), entered September 29, 1993 in Broome County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as untimely, and (2) from an order of said court, entered January 31, 1994 in Broome County, which denied petitioner's application for reconsideration.

On a previous appeal involving this matter *(Matter of Kalinsky v State University of N. Y.,* 161 AD2d 1006), we affirmed so much of the judgment of Supreme Court that annulled respondent's determination finding petitioner guilty

of plagiarism, yet modified such judgment by remitting the matter to respondent for a new disciplinary hearing. Upon remittal, petitioner was once again found to have committed plagiarism. Petitioner appealed this determination to respondent's Dean of Arts and Sciences, who notified petitioner by letter dated June 5, 1991 that she concurred with the determination below and therefore denied petitioner's administrative appeal. A copy of this determination was sent to petitioner's counsel on August 7, 1991.

On October 3, 1991, petitioner commenced a proceeding pursuant to CPLR article 78 seeking to annul such determination on due process grounds. That petition was dismissed by this Court as jurisdictionally defective (*Matter of Kalinsky v State Univ. of N. Y.*, 188 AD2d 810, *lv denied* 81 NY2d 711). This proceeding was then commenced on December 5, 1991 and respondent sought the dismissal of such proceeding as untimely. Petitioner contended that while she received a determination on or about June 5, 1991, her counsel was not served until August 7, 1991 and therefore the four-month Statute of Limitations did not begin to run until her counsel was properly served. Supreme Court rejected such contention and found the proceeding time barred. Upon reconsideration, Supreme Court adhered to its original decision. We reverse.

In cases of disciplinary proceedings for misconduct at tax-supported institutions of higher education, we have adopted the precepts set forth in *Dixon v Alabama State Bd. of Educ.* (294 F2d 150, *cert denied* 368 US 930). " 'Whenever a governmental body acts so as to injure an individual, the Constitution requires that the act be consonant with due process of law. The minimum procedural requirements necessary to satisfy due process depend upon the circumstances and the interests of the parties involved' " (*Matter of Mary M. v Clark*, 100 AD2d 41, 43, quoting *Dixon v Alabama State Bd. of Educ., supra*, at 155). Even acknowledging respondent's contention that a student has no right to representation by counsel at a State university disciplinary proceeding (*see, Matter of Mary M. v Clark, supra*), we find that "once counsel has appeared in a matter a Statute of Limitations or time requirement cannot begin to run unless that counsel is served with the determination or the order or judgment sought to be reviewed" (*Matter of Bianca v Frank*, 43 NY2d 168, 173).

Here, it is clear from the record that since the institution of these charges in January 1988, petitioner appeared with counsel. Throughout all phases of this proceeding, the university either communicated directly with counsel for petitioner

or copied counsel on each and every letter written. Petitioner's counsel was not only notified of the scheduling of the hearing, but was also successful in his attempt to have a member of the committee recused and replaced. Respondent further requested a witness list from petitioner's counsel, advised him that additional documents would be made available, and was advised by copy of the adverse decision of the committee that petitioner would be entitled to appeal the determination to the Dean of Arts and Sciences.

In pursuit of such appeal, petitioner notified the Dean that she would like to appear with counsel and further requested the Dean to provide counsel, as well as herself, with "notice of any opportunity we are given to be heard". The letter was acknowledged by the Dean by letter to petitioner indicating that, after meeting with her and her counsel and reviewing the additional materials submitted by counsel, the appeal was denied. However, the record contains no explanation as to why, in this instance only, petitioner's counsel was not copied on such determination.

Unlike the situation in *Matter of Lower E. Side Community Dev. Corp. v City of New York Div. of Real Prop.* (170 AD2d 296, *lv denied* 78 NY2d 857), where the petitioner failed to demonstrate, or even allege, that it had representation by counsel on the matter, we find that petitioner consistently made it clear that she was represented by counsel and that such representation was acknowledged by respondent. We further find this matter clearly distinguishable from *Matter of Weeks v State of New York* (198 AD2d 615), where we refused to recognize a union representative who is not an attorney when addressing the commencement of the limitations period when the award was delivered to the union representing the petitioner as opposed to the petitioner personally. Here, in finding that petitioner's counsel was deemed to act as her agent in all respects throughout this proceeding, with such representation duly acknowledged by respondent, documents determining legal rights had to be "served on the attorney the party has chosen to handle the matter on [her] behalf. This is not simply a matter of courtesy and fairness; it is the traditional and accepted practice which has been all but universally codified" *(Matter of Bianca v Frank, supra,* at 173). Accordingly, we conclude that the period of limitations in the instant matter must be computed from August 7, 1991, the time that notice was served upon petitioner's counsel, and that based thereon the proceeding was timely commenced *(see,* CPLR 217 [1]).

The judgment and order of Supreme Court are hereby reversed and the matter is remitted for a determination on the merits.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment and order are reversed, on the law, with costs, and respondent's motion to dismiss the petition is denied.