■ MEHLLI BHAGALIA, Appellant, v STATE OF NEW YORK, Respondent. [644 NYS2d 398] —Mercure, J. P.

Claimant has been employed as a bank examiner by the Department of Banking since 1977. He filed this claim on June 13, 1994 alleging that for the past 16 years he had been repeatedly discriminated against in the terms, conditions and privileges of his employment on the basis of race, religion and national origin. The State moved to dismiss the claim as untimely, as barred by the doctrine of collateral estoppel and for failure to state a cause of action. The Court of Claims granted the motion and claimant now appeals.

We affirm. Initially, we agree with the Court of Claims' determination that so much of the claim as alleges conduct occurring prior to 1987 is barred by Executive Law § 297 (9) because of complaints claimant filed with the Division of Hu-

man Rights in 1983 and 1987. In our view, there exists a sufficient identity of issue between the present claim and the prior complaints before the Division (*see, Spoon v American Agriculturalist*, 103 AD2d 929, 930; *Low v Gibbs & Hill*, 92 AD2d 467, 468). Claimant cannot avoid the jurisdictional bar by merely adding additional elements of damage arising out of the same underlying conduct, by changing his legal theory or by couching his claim in such vague and conclusory terms as to thwart comparison of the administrative and legal proceedings (*see, supra; Craig-Oriol v Mount Sinai Hosp.*, 201 AD2d 449, 450, *lv denied* 85 NY2d 804; *Horowitz v Aetna Life Ins.*, 148 AD2d 584, 585; *Matter of James v Coughlin*, 124 AD2d 728, 730, *lv denied* 69 NY2d 609). In addition, in view of the fact that the administrative complaints of discrimination were dismissed on the basis of an absence of probable cause (*see, Marine Midland Bank v New York State Div. of Human Rights*, 75 NY2d 240, 245) and not "on the grounds of administrative convenience" (Executive Law § 297 [9]), the fact that no hearing was conducted is irrelevant (*see, Emil v Dewey*, 49 NY2d 968).

We also agree with the Court of Claims that the claim does not allege a continuing course of conduct (*see, Lane-Weber v Plainedge Union Free School Dist.*, 213 AD2d 515, 516-517; *Waters of Saratoga Springs v State of New York*, 116 AD2d 875, 877, *affd* 68 NY2d 777; *State Div. of Human Rights v Burroughs Corp.*, 73 AD2d 801, *affd* 52 NY2d 748) and is thus barred by the 90-day Statute of Limitations of Court of Claims Act § 10 (3), applicable because of claimant's failure to file a notice of intention to file a claim. Because the claim contains no specificity as to "the time when and place where [it] arose" (Court of Claims Act § 11 [b]), claimant has not met his burden of establishing that any part of his claim accrued within the limitations period (*see, Patterson v State of New York*, 54 AD2d 147, 149-150, *affd* 45 NY2d 885; *Harper v State of New York*, 34 AD2d 865).

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.