**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Plaintiff,

and

**Margaret Schnoop, Intervening Plaintiff,**

v.

**ROTARY CORPORATION and Keith Barry, Defendants.**

No. 00–CV–1478.

United States District Court, N.D. New York.

Aug. 10, 2001.

U.S. Equal Employment, Opportunity Commission, New York, NY (Louis Graziano, of counsel), for E.E.O.C.

Delorenzo, Pasquariello & Weiskopf, P.C., Schenectady, NY, (Kathleen M. Kiley, of Counsel), for Margaret Schnoop.

Robert S. Catapano–Friedman, P.C., Albany, NY, for Defendant Rotary Corporation.

Sanford Soffer, Albany, NY, for Defendant Keith Barry.

### MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

## I. INTRODUCTION

On September 28, 2000, plaintiff Equal Employment Opportunity Commission ("EEOC") commenced the instant action against defendant Rotary Corporation ("Rotary Corp.") pursuant to Title VII, 42 U.S.C. § 2000e–2(a). Intervening plaintiff Margaret Schnoop ("Schnoop" or "intervening plaintiff") filed a motion to intervene on October 11, 2000, seeking to assert causes of action against Rotary Corp. and defendant Keith Barry ("Barry") for violations of Title VII and New York Executive Law § 297. This motion was granted by United States Magistrate Judge Ralph W. Smith, Jr. on December 15, 2000. Her amended complaint was filed on January 16, 2001, and the actions were consolidated on January 19, 2001.

Both defendants now move pursuant to Fed R. Civ. P. 12(b)(1) to dismiss the New York Executive Law § 297 cause of action brought by the intervening plaintiff for lack of subject matter jurisdiction. The intervening plaintiff opposes. Barry also moves to dismiss the Title VII cause of action against him.[1] Oral argument was heard on March 23, and April 26, 2001, in Albany, New York. Decision was reserved.

## II. FACTS

This action arises from the alleged sexual harassment of Schnoop by Barry. The following are the undisputed facts pertinent to the instant motion.

Schnoop was hired by Rotary Corp. in July 1998 to work in its distribution center in Guilderland Center, New York. Barry was the manager in charge of the Guilderland Center facility. Schnoop alleges that she was subjected to pervasive and shocking sexual harassment by Barry. Because of this alleged sexual harassment, Schnoop found her working conditions intolerable. She resigned from her employment with Rotary Corp. in December 1998.

On February 4, 1999, Schnoop filed a charge of discrimination on the basis of sex with the Equal Employment Opportunity Commission ("EEOC"). In the accompanying affidavit, she requested a dual filing with the New York State Division of Human Rights ("DHR").[2] Although she requested a dual filing in her affidavit, EEOC never forwarded any documentation to the DHR and the DHR has no record of Schnoop's charge.

Based on its investigation of Schnoop's complaint, as well as the complaints of other female employees of Rotary Corp., the EEOC commenced this action against only the company. The EEOC's complaint was brought on behalf of plaintiff and other coworkers for sexual harassment. The intervening plaintiff's complaint adds Barry as an individual defendant. If these motions are granted, he would no longer be a party in this action.

The basis for defendants' motion to dismiss the state law cause action for lack of

---

1. The intervening plaintiff does not appear to oppose dismissal of her Title VII claim against Barry. (See Pl. Mem. at 8.)

2. Schnoop did not check the box provided on the EEOC form that signals a request for dual filing with the DHR; however, as noted above, she did request a dual filing in her accompanying affidavit. Also, Schnoop neither checked said box, nor mentioned the DHR in her March 1, 1999 amended complaint to the EEOC. At no point did the DHR receive any documentation or commence an investigation relating to plaintiff's claim.

subject matter jurisdiction is that Schnoop's "dual filing" constituted an election of remedies under N.Y. Exec. Law § 297 and bars a court action.

## III. STANDARD OF REVIEW

### A. 12(b)(1) Motion to Dismiss

 If challenged, a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *See Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996). When a defendant moves to dismiss a cause of action pursuant to Fed.R.Civ.P. 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Medical Center v. Watkins,* 11 F.3d 1573, 1583 (Fed.Cir.1993). For purposes of such a motion, "the allegations in the complaint are not controlling ... and only uncontroverted factual allegations are accepted as true." *Id.* "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court." *Id.* at 1584. On such a motion, both the movant and the pleader are permitted to "use affidavits and other pleading materials to support and oppose such motions." *Kamen v. American Telephone and Telegraph Co.,* 791 F.2d 1006, 1011 (2d Cir.1986).

## IV. DISCUSSION

 Defendants' motions to dismiss turn on the question of whether or not intervening plaintiff has "filed" a charge of discrimination with the DHR. Because it is held that, on these facts, plaintiff has not so filed, defendants' motion to dismiss her New York Executive Law cause of action must be denied.

 N.Y. Exec. Law § 297(9) provides that, "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction ... unless such person had filed a complaint hereunder or with any local commission on human rights." Under the statute, administrative and judicial remedies are mutually exclusive and a party who files a complaint with the DHR is generally barred from commencing an action in court. *Moodie v. Fed. Reserve Bank of N.Y.,* 58 F.3d 879, 882–83 (2d Cir.1995).[3]

In this case, Schnoop filed her charge of discrimination with the EEOC. The forms which she submitted indicated that she was only filing with the EEOC; however, the affidavit she submitted with her charge stated that she wished the charge dual filed with the DHR. Section II(A) of the Worksharing Agreement between the EEOC and the DHR provides that "each designate the other as its agent for the purpose of receiving ... charges." Under the defendants' view of the case, based on the language of the Worksharing Agreement, EEOC's receipt of Schnoop's charge is sufficient to constitute a "filing" with the DHR within the meaning of Section 297(9).

 However, contrary to the apparent suggestion of defendants, an election of remedies under Section 297(9) is neither final nor irrevocable. If, as defendants urge, Schnoop had filed her charge of discrimination with the DHR, the statute permits her to simply request a dismissal for administrative convenience to pursue both her federal and state claims in the same forum. *See Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 75–76 (2d Cir.2000). Therefore, if this were the usu-

---

3. One exception to this bar is where the DHR dismisses the complaint for administrative convenience. N.Y. Exec. Law § 297(9).

al case, the result urged by defendant would merely necessitate Schnoop's request of such a dismissal.

However, this is not the usual case, and there is a technical impediment to such an outcome. While it is true that a charge filed with the DHR can be dismissed on grounds of administrative convenience, the DHR cannot dismiss a charge that it has not physically received and for which it has no documentation. As noted above, the DHR has never received any documentation regarding Schnoop's charge. A DHR file was never opened with regard to her charges. Therefore, it is not possible for the DHR to dismiss Schnoop's charge.

This fact leads to the anomalous result that Schnoop cannot seek dismissal of her charge on the ground of administrative convenience, solely because the EEOC—in accordance with the provisions of the Worksharing Agreement between it and the DHR—chose to handle Schnoop's charge by itself. In light of the injustice that would result if Schnoop were deprived of an opportunity to pursue her state law remedies in court *solely* because the EEOC chose not to forward her charge of discrimination to the DHR, it is held that her charge cannot be deemed to have been "filed" with the DHR for election of remedies purposes within the meaning of Section 297(9). Regardless of any notation at the time of filing, or the Worksharing Agreement, a charge of discrimination filed with the EEOC cannot be considered filed with the DHR for election of remedy purposes until such time as the complaint is actually forwarded to the DHR by EEOC, and DHR opens a file.

## IV. *CONCLUSION*

Because plaintiff is deemed not to have elected an administrative forum for her state law claims, this court has proper subject matter jurisdiction over plaintiff's New York Executive Law cause of action.

Therefore, it is

ORDERED that

1. Defendants' motions to dismiss intervening plaintiff Margaret Schnoop's New York Executive Law cause of action are DENIED;

2. Defendant Keith Barry's motion to dismiss intervening plaintiff Margaret Schnoop's Title VII 42 U.S.C. § 2000e–2(a) cause of action is GRANTED; and

3. The defendants shall file and serve answers to the amended complaint on or before August 24, 2001.

IT IS SO ORDERED.