■ SHINELL THOMAS, Respondent, v NORTHEAST THEATRE CORP., an Affiliate of National Amusements, Inc., et al., Appellants. [859 NYS2d 415]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered August 23, 2006, which, insofar as appealed from, denied defendants' motion to dismiss the complaint for failure to state a cause of action, and granted plaintiff's cross motion to amend the complaint to assert a claim based on General Business Law § 395-b, unanimously reversed, on the law, without costs, defendants' motion granted, and plaintiff's cross motion denied. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff alleges that while in defendant cinema chain's employ, she was surreptitiously videotaped in a room used by employees to change from their street clothes into their uniforms, and that when she learned of this taping she suffered severe emotional distress. Although not germane to either motion, defendant cinema asserts that the room was supposed to be used to store supplies and as an office for both male and female customer service employees, denies knowledge on the part of its upper level management that the room was being used as a changing room, notes that segregated restrooms/ changing rooms were furnished elsewhere on the premises, and asserts that the camera was installed for a brief period of time at the behest of defendant Hare, the manager of the theater where plaintiff worked, due to suspicions of theft and cash handling violations by one of the customer service employees, and was dismantled immediately after the thief was caught. Hare asserts that he did not know the area was being used as a changing room until the camera was installed.

We reverse the grant of plaintiff's motion to amend. General Business Law § 395-b (2), which prohibits premises owners or managers from knowingly permitting installation of a viewing device "for the purpose of surreptitiously observing the interior of any fitting room, restroom, toilet, bathroom, washroom,

shower, or any room assigned to guests or patrons in a motel, hotel or inn," does not create a private right of action (*Hering v Lighthouse 2001, LLC*, 21 AD3d 449, 450 [2005]). Although section 395-b has been held to set forth a duty that may serve as a basis for a claim of negligent infliction of emotional distress (*id.* at 450-451), any such claim would be barred by the exclusivity provisions of the Workers' Compensation Law (*see Tompkins v International Bus. Machs. Corp.*, 247 AD2d 465 [1998]). To the extent plaintiff also claims that defendants acted intentionally to inflict emotional distress, any such claim would be barred by the one-year statute of limitations (*see Dana v Oak Park Marina*, 230 AD2d 204, 210 [1997]). In view of the foregoing, we need not address defendants' argument that a changing room is not one of the protected areas of privacy designated in section 395-b. Plaintiff's other claims—violation of her "civil rights," the utterance by Hare of humiliating, harassing and debasing comments during the period of the videotaping, and the cinema's negligent hiring and supervision of Hare and any other employees responsible for the videotaping—are deficient because New York does not recognize a common-law right to privacy (*id.* at 208; *Messenger v Gruner + Jahr Print. & Publ.*, 94 NY2d 436, 441 [2000]). We note that plaintiff does not appeal from the part of the order that denied the part of her cross motion that sought leave to interpose a claim of sexual harassment. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Renwick, JJ.