■ KIMAURI BARR, Also Known as KIMAURY LACY, Appellant, v BJ's WHOLESALE CLUB, INC., Respondents. [879 NYS2d 558]—

In an action, inter alia, to recover damages for discrimination

in employment on the basis of disability in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated April 3, 2008, which granted the defendants' motion, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) and Executive Law § 297 (9).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) and Executive Law § 297 (9) is denied.

Executive Law § 297 (9) provides that a person who has filed an administrative complaint with the New York State Division of Human Rights (hereinafter the SDHR) or a local commission on human rights regarding discrimination is thereby deprived of his or her judicial cause of action (*see* Executive Law § 297 [9]; *Hirsch v Morgan Stanley & Co.*, 239 AD2d 466, 467 [1997]). However, Executive Law § 297 (9) further provides that "[a] complaint filed by the equal employment opportunity commission to comply with the requirements of 42 USC 2000e-5 (c) [Title VII of the Civil Rights Act] and 42 USC 12117 (a) [The Americans with Disabilities Act] . . . shall not constitute the filing of a complaint within the meaning of this subdivision" (Executive Law § 297 [9]). The clear intent of that provision was to preserve the complainant's right to commence an action in court pursuant to Executive Law § 297 (9) even though he or she filed charges or an administrative complaint with the United States Equal Employment Opportunity Commission (hereinafter the EEOC) and the EEOC, in turn, forwarded those charges or that administrative complaint to the SDHR for filing (*see Hirsch v Morgan Stanley & Co.*, 239 AD2d at 467).

Here, the plaintiff, by filing charges of discrimination with the EEOC before commencing the instant action, did not elect an administrative remedy within the meaning of Executive Law § 297 (9). There is no indication that the plaintiff filed charges or an administrative complaint directly with the SDHR and there is no indication that the SDHR ever investigated the charges referred to it by the EEOC or opened a file on behalf of the plaintiff (*see Presser v Key Food Stores Co-op., Inc.*, 2002 WL 31946714, 2002 US Dist LEXIS 25176 [ED NY 2002], *affd* 2009 WL 690211, 2009 US App LEXIS 5619 [2d Cir 2009]; *E.E.O.C. v Rotary Corp.*, 164 F Supp 2d 306 [2001]; *cf. Hernandez v VK Foodshop, Inc.*, 2000 NY Misc LEXIS 520 [Sup Ct, NY County 2000, Crane, J.]). Accordingly, the Supreme Court improperly granted the defendants' motion to dismiss the complaint.

In light of our determination, we do not reach the plaintiff's

remaining contention. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.