In the Matter of MATTHEW BOYD, Petitioner, v STATE UNIVERSITY OF NEW YORK AT CORTLAND et al., Respondents. [973 NYS2d 413]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Cortland County) to review a determination of respondent Vice President for Student Affairs of the State University of New York at Cortland which, among other things, placed petitioner on disciplinary suspension.

In February 2011, petitioner, then a student at respondent State University of New York at Cortland (hereinafter SUNY Cortland), was charged with violating two provisions of SUNY Cortland's Code of Student Conduct (hereinafter the Code), namely, harassment and failure to abide by federal, state, and/or local laws. The charges were based upon allegations that he harassed a female student attending the University of Delaware (hereinafter the victim) through the use of phone calls, text messages and other threatening behavior, resulting in a Delaware warrant for his arrest. At the SUNY Cortland disciplinary hearing, a University of Delaware police officer recounted his interview with the victim regarding the communications she allegedly received. The victim neither appeared nor testified. Following the hearing, the Hearing Panel found petitioner to be in violation of both provisions of the Code charged and recommended his immediate permanent dismissal to the Suspension Review Panel. After reviewing a recording of the hearing and written material submitted in the case, the Suspension Review Panel upheld "the findings and sanction."

Petitioner appealed to respondent C. Gregory Sharer, SUNY Cortland's Vice President for Student Affairs, challenging the weight of the evidence and the process that the Hearing Panel afforded him. Upon his review, Sharer concluded that petitioner was not denied a fair hearing and confirmed the finding of guilt on both charges, but modified the sanction by suspending petitioner until August 2015. Petitioner commenced this proceeding seeking to annul the disciplinary determination, which was transferred to this Court (see CPLR 7804 [g]).

We reject petitioner's contention that the Hearing Panel failed to substantially adhere to its rules and regulations published in the Code (see Matter of Schwarzmueller v State Univ. of N.Y. at

*Potsdam*, 105 AD3d 1117, 1118 [2013]; *Matter of Hyman v Cornell Univ.*, 82 AD3d 1309, 1310 [2011]). Although petitioner correctly notes that the Code requires the "complainant" to present his or her own case, the "complainant" is defined as "any person or persons who have filed disciplinary charges against a student." Here, the complainant was SUNY Cortland's Director of Judicial Affairs. Thus, petitioner's contention that the Hearing Panel did not comply with the Code because the victim did not present the case is unavailing. Furthermore, as the victim was not called as a witness by either side and nothing in the Code establishes that the victim is a party to a disciplinary proceeding, we find that the Hearing Panel substantially complied with its rule requiring it to afford petitioner the opportunity to question all parties. Moreover, contrary to petitioner's additional assertion, the Hearing Panel substantially complied with the Code by proceeding with a four-member hearing panel consisting of two student justices and two faculty justices (*see Matter of Hyman v Cornell Univ.*, 82 AD3d at 1310), and his claim that the selection process for student and faculty members did not conform to the Code is not supported by the record.

We do agree, however, that petitioner was denied due process because the Hearing Panel failed to set forth detailed factual findings in its disciplinary determination. In a disciplinary proceeding at a public institution of higher education, due process entitles a student accused of misconduct to "a statement detailing the factual findings and the evidence relied upon by the decision-maker in reaching the determination of guilt" (*Matter of Kalinsky v State Univ. of N.Y. at Binghamton*, 161 AD2d 1006, 1007 [1990]; *see Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam*, 105 AD3d at 1119; *Matter of Rauer v State Univ. of N.Y., Univ. at Albany*, 159 AD2d 835, 836 [1990]). Recognized as one of the " 'rudimentary elements of fair play' " in this context (*Matter of Kalinsky v State Univ. of N.Y. at Binghamton*, 161 AD2d at 1007, quoting *Dixon v Alabama State Bd. of Ed.*, 294 F2d 150, 159 [1961], *cert denied* 368 US 930 [1961]), "[s]uch a statement is necessary to permit the student to effectively challenge the determination in administrative appeals and in the courts and to ensure that the decision was based on evidence in the record" (*Matter of Kalinsky v State Univ. of N.Y. at Binghamton*, 161 AD2d at 1007).

Here, petitioner was charged with both harassment as defined under the Code as well as violating Delaware law by committing the crimes of harassment and terroristic threatening. The charges were based upon his alleged dissemination of various

communications to the victim on four separates dates between October 8, 2010 and November 1, 2010. Notably, Delaware law sets forth a number of different courses of conduct that may constitute the crime of harassment (see 11 Del Code § 1311 [a] [1], [2], [3], [4], [5]) and terroristic threatening (see 11 Del Code § 621 [a] [1], [2], [3]). Yet, the Hearing Panel's determination contains only a conclusory statement that petitioner "harassed and threatened [the victim]." Although such determination states that it was "based upon the testimony of the University of Delaware police officer and the incident report provided by the University of Delaware," it fails to set forth the specific conduct that constituted the basis for the finding of guilt on the charges of harassment and violating Delaware law, and wholly lacks any factual findings concerning the elements of the Delaware crimes. Shockingly, it even fails to indicate which Delaware crime(s) petitioner was found to have committed.* The determinations of the Suspension Review Panel and Sharer suffer from the same deficiencies, as they simply uphold the "findings" of the Hearing Panel. In our view, the absence of any such detailed factual findings has precluded petitioner from effectively challenging the determinations of guilt and forecloses any meaningful appellate review by this Court (see Matter of Kalinsky v State Univ. of N.Y. at Binghamton, 161 AD2d at 1007).

We therefore remit the matter to SUNY Cortland for the Hearing Panel to provide a statement to petitioner detailing the factual findings supporting the determinations of guilt, after which petitioner shall be given the opportunity to challenge the determination administratively. In light of our decision, we do not reach petitioner's challenge to the sufficiency of the evidence supporting the disciplinary determination.

Stein, McCarthy and Spain, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent State University of New York at Cortland for further proceedings not inconsistent with this Court's decision.

 ---

* Indeed, the only record evidence concerning the elements of the Delaware crimes of harassment and terroristic threatening was provided by the University of Delaware police officer at the disciplinary hearing. When asked by the Hearing Panel to provide the elements of the Delaware crimes, the officer replied that he "[did not] have them right now," but went on to testify to his understanding of the legal definitions of those crimes. Notably, the officer's explanation of the crimes contained a substantially abridged and differing set of elements from those found in the Delaware Criminal Code (see 11 Del Code §§ 621, 1311).