*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 19, 2015                    519120
_____

In the Matter of SAMUEL
    MONNAT,
                    Petitioner,

         v                                    MEMORANDUM AND JUDGMENT

STATE UNIVERSITY OF NEW YORK
    AT CANTON,
                    Respondent.
_____

Calendar Date:   January 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Hiscock & Barclay, LLP, Syracuse (James P. Evans of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

_____

Clark, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent's Dean of Academic Support Services which, among other things, placed petitioner on disciplinary suspension.

        Petitioner was a student at respondent and, in November 2013, was charged with violating six provisions of respondent's Code of Student Conduct, Rights and Responsibilities (hereinafter the Code).  The charges stemmed from allegations that he misrepresented the nature of the program devised for prospective members of his fraternity and that he participated in the

physical and mental abuse of a prospective member.  Petitioner and the abused individual testified at the disciplinary hearing that ensued, although petitioner declined to discuss the actual events that formed the basis of the charges.  Following the hearing, the Student Faculty Hearing Board found petitioner to have violated the Code as charged and, among other things, suspended him through 2018.  Petitioner filed an administrative appeal that questioned the procedure employed by the Hearing Board, the strength of the evidence against him and the penalty imposed.  The next day, respondent's Dean of Academic Support Services upheld the determination of the Hearing Board in all respects.  Petitioner responded by commencing this CPLR article 78 proceeding to annul the disciplinary determination, which was transferred to this Court (see CPLR 7804 [g]).

Petitioner advances numerous procedural challenges to the determination, and those challenges are preserved for review given that he raised them in his administrative appeal (see Matter of Morales v Fischer, 89 AD3d 1346, 1346 [2011]).  Nevertheless, "the record reflects that respondent substantially complied with its procedures and provided petitioner adequate notice of the charges against him" (Matter of Lampert v State Univ. of N.Y. at Albany, 116 AD3d 1292, 1294 [2014], lv denied 23 NY3d 908 [2014]; see Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam, 105 AD3d 1117, 1118-1119 [2013]).  The Code further provides that the Hearing Board was not bound by the formal rules of evidence and was free to consider any information "relevant to the charges [that would] contribute to the rendering of an impartial and fair judgment."  Accordingly, there was nothing inherently improper in the Hearing Board's consideration of evidence regarding petitioner's prior disciplinary history or other uncharged conduct (see Matter of Kole v New York State Educ. Dept., 291 AD2d 683, 686-687 [2002]).

Petitioner, in fact, primarily questions whether the evidence supported the finding that he violated the Code's disciplinary provisions as charged.  We cannot answer that question upon the record before us, however, because neither the Hearing Board nor the Dean of Academic Support Services provided the requisite explanation as to why petitioner was held culpable.  Petitioner asserts that respondent should not be given an

opportunity to correct this conceded error.  Under the circumstances, we agree with respondent that remittal is appropriate so that the Hearing Board may "provide a statement to petitioner detailing the factual findings supporting the determination[] of guilt, after which petitioner shall be given the opportunity to challenge the determination administratively" (Matter of Boyd v State Univ. of N.Y. at Cortland, 110 AD3d 1174, 1176 [2013]; see Matter of Kalinsky v State Univ. of N.Y. at Binghamton, 161 AD2d 1006, 1007 [1990]).  As a result, we do not reach petitioner's challenge to the sufficiency of the evidence supporting the determination.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.


ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court