■ ANGELA RODRIGUEZ, Respondent, v DICKARD WIDDER INDUSTRIES, Appellant. [56 NYS3d 328]—

Appeal from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered November 13, 2014. The order granted the plaintiff's motion for leave to reargue her opposition to the defendant's prior motion, in effect, to dismiss the amended complaint and, upon reargument, vacated the determination in an order entered June 5, 2014, granting those branches of the defendant's prior motion which were, in effect, to dismiss the first through fifth causes of action in the amended complaint, and thereupon denied the prior motion.

Ordered that the order entered November 13, 2014, is modified, on the law, by deleting the provision thereof, upon reargument, vacating the determination in the order entered June 5, 2014, granting those branches of the defendant's prior motion which were, in effect, to dismiss the first through fifth causes of action in the amended complaint, and thereupon denying those branches of the motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order entered June 5, 2014, granting those branches of the defendant's prior motion; as so modified, the order entered November 13, 2014, is affirmed, with costs to the defendant.

The plaintiff was terminated from her employment with the defendant and thereafter filed a complaint with the New York State Division of Human Rights (hereinafter the DHR), alleging sexual harassment and retaliation in violation of the New York State Human Rights Law (Executive Law art 15; hereinafter NYSHRL). Following a hearing, the Commissioner of the DHR issued an order dated July 29, 2013, finding for the defendant and dismissing the case. The plaintiff's DHR complaint was cross-filed with the United States Equal Employment Opportunity Commission (hereinafter the EEOC) pursuant to a work-sharing agreement between the agencies. The EEOC adopted the findings of the DHR and sent the plaintiff a right to sue letter dated August 21, 2013.

In October 2013, the plaintiff commenced this action against the defendant, asserting causes of action under the NYSHRL and the New York City Human Rights Law (Administrative

Code of City of NY § 8-101 *et seq.* [hereinafter NYCHRL]), and common-law causes of action alleging negligent hiring and retention and negligent infliction of emotional distress, all based on the same alleged harassment and retaliation detailed in her DHR complaint. The defendant moved pursuant to CPLR 3211 (a) (2) and (5) to dismiss the complaint, arguing that the plaintiff's election of remedies and the exclusivity provisions of the Workers' Compensation Law deprived the Supreme Court of subject matter jurisdiction and that the claims were untimely. Together with her opposition to the motion, the plaintiff served an amended complaint, which added federal causes of action alleging retaliatory termination and sexual harassment under title VII of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000e *et seq.* [hereinafter title VII]). The court denied the CPLR 3211 (a) (5) branch of the motion and granted those branches of the motion pursuant to CPLR 3211 (a) (2) which were, in effect, to dismiss the State law causes of action in the amended complaint based on the plaintiff's election of remedies. The court did not address the federal causes of action asserted in the amended complaint.

The plaintiff moved for leave to reargue her opposition to the defendant's motion, arguing, inter alia, that the Supreme Court had overlooked her federal causes of action asserted in the amended complaint. The court granted leave to reargue and, upon reargument, vacated its original determination on the defendant's motion, and thereupon denied the defendant's motion. The defendant appeals.

The Supreme Court providently exercised its discretion in granting the plaintiff leave to reargue (*see* CPLR 2221; *Detoni v McMinkens*, 147 AD3d 1018 [2017]). Where, as here, a plaintiff serves an amended complaint as-of-right with opposition to a motion to dismiss, the defendant can elect to apply the motion to dismiss to the amended complaint (*see Sobel v Ansanelli*, 98 AD3d 1020, 1022 [2012]; *Union State Bank v Weiss*, 65 AD3d 584 [2009]; *Ferguson v Sherman Sq. Realty Corp.*, 30 AD3d 288 [2006]; *Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38 [1998]). The defendant so elected here, and therefore, the court should have considered its motion as directed to the amended complaint (*see Sobel v Ansanelli*, 98 AD3d at 1022).

Upon reargument, the Supreme Court erred in vacating its original determination and in thereupon denying the defendant's motion in its entirety. The election of remedies doctrine and the exclusivity provisions of the Workers' Compensation Law do not implicate the subject matter jurisdiction of the

court, but rather deprive a plaintiff of a cause of action (*see* Executive Law § 297 [9]; Workers' Compensation Law §§ 11, 29 [6]; *Wrenn v Verizon*, 106 AD3d 995 [2013]; *Hirsch v Morgan Stanley & Co.*, 239 AD2d 466 [1997]; *see generally Lacks v Lacks*, 41 NY2d 71, 74-75 [1976]). As such, a motion to dismiss on these bases should be brought pursuant to CPLR 3211 (a) (7). However, as the issues were fully argued, and there was no prejudice to the plaintiff, the court should have disregarded the defendant's failure to assert the correct subsection of CPLR 3211 (a) (*see Rich v Lefkovits*, 56 NY2d 276, 280 [1982]; *Pursuit Inv. Mgt., LLC v Alpha Beta Capital Partners, L.P.*, 134 AD3d 502 [2015]; *Moon v Tupler*, 110 AD3d 486 [2013]; *Pace v Perk*, 81 AD2d 444, 456 [1981]).

As the defendant correctly contends, the plaintiff's State law causes of action under the NYSHRL and the NYCHRL are barred by her election of an administrative remedy. The plaintiff filed an administrative complaint directly with the DHR based on the same events and is thus barred from asserting those claims under the NYSHRL and the NYCHRL in this plenary action (*see* Executive Law § 297 [9]; *Wrenn v Verizon*, 106 AD3d 995 [2013]; *Benjamin v New York City Dept. of Health*, 57 AD3d 403 [2008]; *Bhagalia v State of New York*, 228 AD2d 882 [1996]; *Craig-Oriol v Mount Sinai Hosp.*, 201 AD2d 449 [1994]; *cf. Barr v BJ's Wholesale Club, Inc.*, 62 AD3d 820 [2009]). Insofar as the plaintiff contends that neither she nor her counsel was served with the DHR determination, that contention could have been raised in a proceeding pursuant to Executive Law § 298 (*see Matter of Bianca v Frank*, 43 NY2d 168 [1977]; *Matter of City of Mount Vernon v OMRDD*, 56 AD3d 771 [2008]; *Matter of Kalinsky v State Univ. of N.Y. at Binghamton*, 214 AD2d 860 [1995]), and is not a basis to assert the barred claims in a plenary action. Moreover, the common-law negligence causes of action are barred by the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *Kruger v EMFT, LLC*, 87 AD3d 717 [2011]; *Thomas v Northeast Theatre Corp.*, 51 AD3d 588 [2008]; *Martinez v Canteen Vending Servs. Roux Fine Dining Chartwheel*, 18 AD3d 274 [2005]; *Miller v Huntington Hosp.*, 15 AD3d 548 [2005]). Accordingly, upon reargument, the Supreme Court should have adhered to its prior determination granting those branches of the defendant's motion which were, in effect, to dismiss the first through fifth causes of action in the amended complaint, which were based on State law.

However, the plaintiff's election of an administrative remedy for her State law employment discrimination claims does not

bar her maintenance of federal employment discrimination claims pursuant to title VII. The plaintiff had "an absolute right to commence a Federal claim simultaneously with a State administrative claim because 'the two are supplementary, not mutually exclusive' " (*Matter of Universal Packaging Corp. v New York State Div. of Human Rights*, 270 AD2d 586, 587 [2000], quoting *Oscar Mayer & Co. v Evans*, 441 US 750, 764 [1979]). Unlike State law claims, title VII claims may be brought in a court of law even when a charge has been dismissed by the EEOC as groundless (*see* 42 USC § 2000e-5 [f] [1]; *Williams v New York City Hous. Auth.*, 458 F3d 67, 69 [2d Cir 2006]; *Scott v Carter-Wallace, Inc.*, 147 AD2d 33, 35 [1989]). Further, contrary to the defendant's contention, the federal causes of action asserted in the amended complaint relate back to the original complaint and were thus timely (*see* CPLR 203 [f]; 42 USC § 2000e-5 [f] [1]; *US Bank N.A. v Gestetner*, 103 AD3d 962, 965 [2013]; *Pendleton v City of New York*, 44 AD3d 733, 736 [2007]; *Seda v Armory Estates*, 138 AD2d 362 [1988]). Accordingly, upon reargument, the Supreme Court properly denied those branches of the defendant's motion which were, in effect, to dismiss the federal title VII causes of action asserted in the amended complaint.

The defendant's remaining contentions have been rendered academic in light of our determination or are improperly raised for the first time on appeal (*see Matter of Candlewood Holdings, Inc. [Moore]*, 124 AD3d 775 [2015]). Chambers, J.P., Austin, Roman and Barros, JJ., concur.