Luckie v Northern Adult Day Health Care Ctr. (2018 NY Slip Op 03349)





Luckie v Northern Adult Day Health Care Ctr.


2018 NY Slip Op 03349


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2016-09696
 (Index No. 668/13)

[*1]Melville Luckie, appellant, 
v
Northern Adult Day Health Care Center, respondent.


Noah A. Kinigstein, New York, NY, for appellant.
Peckar & Abramson, P.C., New York, NY (Joseph Vento of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated July 5, 2016. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In May 2011, the plaintiff filed an administrative complaint against his employer, Northern Adult Day Health Care Center (hereinafter Northern), with the New York State Division of Human Rights (hereinafter the Division), inter alia, charging it with unlawful discriminatory practices relating to his employment on the basis of race, color, and national origin, in violation of the New York State Human Rights Law. On October 19, 2011, following an investigation, the Division determined that there was no probable cause to believe that Northern engaged in the unlawful discriminatory practice alleged in the administrative complaint. In February 2012, the plaintiff commenced a proceeding pursuant to CPLR article 78 to review the Division's determination. In a judgment dated June 7, 2012, the Supreme Court, New York County, denied the petition and dismissed the proceeding.
In January 2013, the plaintiff commenced this action in the Supreme Court, Kings County, against Northern, alleging discrimination and retaliation in violation of the New York City Human Rights Law (hereinafter NYCHRL). Thereafter, Northern moved pursuant to CPLR 3211(a) to dismiss the complaint based, inter alia, on the election of remedies doctrine. In the order appealed from, the Supreme Court granted the aforementioned branch of Northern's motion. The plaintiff appeals.
"Pursuant to the election of remedies doctrine, the filing of a complaint with [the Division] precludes the commencement of an action in the Supreme Court asserting the same discriminatory acts" (Vetro v Hampton Bays Union Free Sch. Dist., 148 AD3d 963, 964; see Executive Law § 297[9]; Rodriguez v Dickard Widder Indus., 150 AD3d 1169, 1170-1171). The election of remedies doctrine does not implicate the subject matter jurisdiction of the court, but rather deprives a plaintiff of a cause of action (see Rodriguez v Dickard Widder Indus., 150 AD3d at 1171). Here, the plaintiff's causes of action are based on the same allegedly discriminatory [*2]conduct asserted in the proceedings before the Division. Therefore, the plaintiff is barred from asserting those claims under the NYCHRL in this action (see id.; Vetro v Hampton Bays Union Free Sch. Dist., 148 AD3d at 964; Benjamin v New York City Dept. of Health, 57 AD3d 403, 404; Bhagalia v State of New York, 228 AD2d 882, 883; Craig-Oriol v Mount Sinai Hosp., 201 AD2d 449, 450; Spoon v American Agriculturalist, 103 AD2d 929, 930; Ulysse v FreshDirect, LLC, 2015 WL 5692938, *4, 2015 US Dist LEXIS 130112, *6 [ED NY, No. 14 CV 3556 (PKC)]).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of Northern's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court