Hernandez v 2075-2081 Wallace Ave. Owners Corp. (2019 NY Slip Op 07328)





Hernandez v 2075-2081 Wallace Ave. Owners Corp.


2019 NY Slip Op 07328


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10037 301466/11

[*1] Hiram Hernandez, et al., Plaintiffs-Respondents,
v
2075-2081 Wallace Avenue Owners Corp., Defendant, Metro Management and Development, Corp., Defendant-Appellant.
Metro Management and Development, Corp., Third-Party Plaintiff-Appellant,
v
2075-2081 Wallace Avenue Owners Corp., Third-Party Defendant.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Joseph A.H. McGovern of counsel), for appellant.
The Rosato Firm PC, New York (Paul A. Marber of counsel), for respondents.



Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about February 22, 2019, which treated defendant Metro Management and Development, Corp.'s motion to dismiss the complaint as against it as a motion for summary judgment, and denied the motion as untimely, unanimously affirmed, with costs.
The motion court providently exercised its discretion in treating defendant's motion to dismiss pursuant to CPLR 3211(a)(2) and (7) as a motion for summary judgment (CPLR 3211[c]), since both sides made it unequivocally clear that they were laying bare their proof and deliberately charting a summary judgment course (see Four Seasons Hotels v Vinnik, 127 AD2d 310, 320-321 [1st Dept 1987]).
The court correctly denied the motion as untimely, since it was made after the 120-day deadline imposed by CPLR 3212(a) had expired and was unaccompanied by an explanation for the lateness (see Brill v City of New York 2 NY3d 648 [2004]).
In any event, defendant's contention that the complaint should have been dismissed for lack of subject matter jurisdiction (CPLR 3211[a][2]) is unavailing. The exclusivity provisions of the Workers' Compensation Law do not implicate the
subject matter jurisdiction of the court (Rodriguez v Dickard Widder Indus., 150 AD3d 1169, 1170-1171 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK