Carvello v Warner Music Group Corp. (2026 NY Slip Op 00634)

Carvello v Warner Music Group Corp.

2026 NY Slip Op 00634

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 952006/22|Appeal No. 5798|Case No. 2025-01516|

[*1]Dorothy S. Carvello, Plaintiff-Respondent,
vWarner Music Group Corp. et al., Defendants, Jason Flom, Defendant-Appellant.

Chaudhry Law PLLC, New York (Jeffrey M. Movit of counsel), for appellant.
Brown Rudnick LLP, New York (D. Cameron Moxley of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about January 21, 2025, which, to the extent appealed, denied so much of the motion of defendant, Jason Flom, to dismiss plaintiff's complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff's claim for negligent infliction of emotional distress against defendant Jason Flom, her co-employee, should have been dismissed as barred by the exclusivity of the Worker's Compensation Law (see Thomas v Northeast Theatre Corp., 51 AD3d 588, 589 [1st Dept 2008]). In addition, plaintiff failed to plead facts to show that Flom had a duty to plaintiff to control the behavior of others who were committing acts of misconduct towards her (see Jonathan A. v Board of Educ. of City of N.Y., 8 AD3d 80, 81 [1st Dept 2004]).
Plaintiff's claim for intentional infliction of emotional distress based on Flom's having allegedly directed her to sit on his lap during a business meeting should have been dismissed, because, while inappropriate, the alleged misconduct was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 57 [2016] [internal quotation marks omitted]).
Finally, plaintiff's claim for civil conspiracy should also have been dismissed, as New York does not recognize an independent cause of action for conspiracy to commit a civil tort (see Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026