## (February 8, 1983)

■ MARK LOW, Respondent, v GIBBS & HILL, INC., et al., Appellants. — Order of the Supreme Court, New York County (Ostrau, J.), entered November 19, 1981, modified, on the law, to dismiss the third cause of action, without costs, and otherwise affirmed. Plaintiff was employed by Gibbs & Hill, Inc. (Gibbs) as a senior engineer. In January, 1979 he was assigned to a project involving the construction of a nuclear power plant at Angra, Brazil, under a one-year contract commencing January 26, 1979. The contract granted Gibbs' client, Westinghouse Electric Company, the option to renew with the consent both of plaintiff and Gibbs. In November, 1979 plaintiff was requested to remain with the construction project for an additional period. Plaintiff refused to do so unless he was promoted to the role of lead electrical engineer with a title

change to supervising engineer. Initially, Gibbs demurred. However, at the insistence of Westinghouse, Gibbs finally acceded to plaintiff's demand and the agreement of the parties was memorialized in a memorandum dated December 3, 1979, in which plaintiff was designated a supervising engineer with the appropriate salary increase. In July, 1980, his task in Angra completed, plaintiff returned to the United States. That month he was assigned to another project under the title of senior engineer. Although his salary remained the same plaintiff felt this reduction in title to be a breach of the memorandum of December 3, 1979. Plaintiff invoked the company grievance procedure. Personnel informed him that the title change was a management prerogative. Plaintiff sought to pursue the grievance procedure, demanding to see the president of Gibbs. However, before he could press his claim to the president he was discharged on February 26, 1981, allegedly for the use of abusive language. Plaintiff then filed a complaint with the State Division of Human Rights, contending that he had been discriminated against because he was a Chinese national. Thereafter he brought this action. The first cause alleges breach of the memorandum "agreement" of December 3, 1979; the second cause alleges that he was induced to remain on the Angra project by reason of fraudulent representations made to him; the third and final cause alleges a discriminatory discharge based upon his national origin. Although the third cause of action is couched in terms of conspiracy, it is obvious that its essential thrust is the same as that contained in the complaint filed by plaintiff with the State Division of Human Rights. Subdivision 9 of section 297 of the Executive Law grants to a person claiming to be aggrieved by an unlawful discriminatory practice the right to sue therefor unless he shall have filed a complaint with the State Division of Human Rights. Only when such an administrative complaint is dismissed upon the ground of administrative convenience will suit thereafter be permitted. Since plaintiff has filed such an administrative complaint and it has not been dismissed for administrative convenience, action will not lie thereon. Accordingly, the third cause of action must be dismissed (*Emil v Dewey*, 49 NY2d 968). As to the other two causes, the allegations set forth justiciable claims. Hence, dismissal of these causes is not warranted. Concur — Murphy, P. J., Ross, Silverman, Bloom and Kassal, JJ.