Richard **STUDINT, Individually and in the name of Lasalle Ice Cream Co., Inc., Plaintiff,**

v.

**LaSALLE ICE CREAM CO., INC., Steven Kissel and Sally Kissel, Defendants.**

No. 85 CV 0929.

United States District Court, E.D. New York.

Oct. 2, 1985.

Solin & Breindel, P.C., New York City by Barry Skovgaard, for plaintiff.

Bernstein & Arfa by Jonathan Arfa, and Stephen G. Eisenberg, New York City, for defendants.

## ORDER

McLAUGHLIN, District Judge.

Plaintiff, a former employee of defendant LaSalle Ice Cream Co. ("LaSalle"), brings this action for damages and other relief arising from the conditions of his former employment and his status as a shareholder of LaSalle. Plaintiff alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, the common law of New York, and the New York Penal Law.

Defendants move to dismiss the complaint for failure to state a claim, Fed.R. Civ.P. 12(b)(6). In the alternative, defendants contend that principles of pendent jurisdiction preclude adjudication by this Court of certain of the state claims alleged in the complaint. For the reasons discussed below, defendants' motion is granted in part and denied in part.

### Facts

Plaintiff is a shareholder and a former director, officer and employee of LaSalle. The individual defendants are officers or shareholders of the company. Plaintiff and defendants are parties to several written agreements, including an employment contract and a shareholders' agreement.

In this action, plaintiff alleges that defendant "constructively terminated" plaintiff's employment in violation of the ADEA, the employment contract, and state law, by denying him the right to participate in the management and operations of LaSalle; altering the nature and extent of his duties; humiliating, harassing and demoralizing him; and demanding that he undertake extensive demanding and menial chores.

In addition, plaintiff asserts several claims, including five stockholder's derivative claims, charging defendants with

waste, mismanagement, diversion of corporate funds and business opportunities, and refusal to allow plaintiff to inspect the books. The remedies sought by this latter class of claims include dissolution of the corporation, appointment of a receiver, accounting and damages.

Finally, it should be noted that an action commenced by LaSalle against plaintiff (wherein LaSalle alleges that plaintiff breached the agrements between the parties) is pending in state court. *LaSalle Ice Cream Co., Inc. v. Richard Studint*, Supreme Court, Nassau County, Index No. 3080/85. That action has been stayed pending a decision on this motion.

## Discussion

■ With respect to defendants' motion to dismiss the age discrimination claims under Rule 12(b)(6), I cannot say as a matter of law that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted). Accordingly, the motion to dismiss counts one and two is denied.

Defendants argue, however, that this Court should exercise its discretion and dismiss the fifteen pendent state claims as bearing little relationship to the underlying ADEA claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("*Gibbs*").

■ In *Gibbs*, the Supreme Court held that a federal court has the *power* to hear a pendent state claim if (a) the federal claim is substantial enough to confer subject matter jurisdiction on the court, and (b) the federal and state claims derive from a common nucleus of operative fact. *Gibbs, supra*, 383 U.S. at 725, 86 S.Ct. at 1138. Thus, clearly this Court has the power to decide plaintiff's state claims since the ADEA claim is substantial enough to confer jurisdiction on the Court, and since, arguably, the federal and state claims derive from the common nucleus of the parties' business and employment relationship.

The *Gibbs* Court stressed, however, that the mere existence of the power to hear state claims does not guarantee its exercise in every case:

It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in consideration of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Gibbs, supra*, 383 U.S. at 726, 86 S.Ct. at 1139. *See Independent Bankers Association of New York State, Inc. v. Marine Midland Bank, N.A.*, 757 F.2d 453, 463–64 (2d Cir.1985).

For the purpose of this analysis, plaintiff's claims can be divided into two broad categories. The first category, which includes plaintiff's claims of breach of employment contract (count 3), wrongful termination (count 4), intentional/negligent infliction of emotional distress (count 5), harassment (count 6) and fraud in the inducement (count 11), together with the claims seeking specific performance of the employment contract (counts 9 & 10), relates to plaintiff's employment relationship with the defendants and the alleged "constructive termination" of that relationship. Inasmuch as these claims are interrelated with the age discrimination claims, I find that, in the interest of judicial economy, convenience and fairness to the litigants, this Court should exercise its pendent juris-

diction over this category of claims. *Cf.* *Birdwell v. Hazelwood School District,* 491 F.2d 490, 495 (8th Cir.1974).

By the same token, I cannot say as a matter of law that plaintiff can prove no set of facts in support of these claims. *Conley v. Gibson, supra,* 355 U.S. at 45–46, 78 S.Ct. at 101–02. Accordingly, the motion to dismiss the state claims asserted in counts three-six, and counts nine-eleven, is denied.

An examination of the second category of claims, however, produces a different conclusion. Count seven charges that defendants have intentionally denied plaintiff the benefits of a stockholder, and thus, that the corporation should be dissolved and liquidated. Similarly, count eight seeks the appointment of a receiver, by reason of defendants' alleged waste, mismanagement, diversion of corporate assets and opportunities and abuse of fiduciary responsibility. Count twelve seeks an accounting, by reason of defendants' denial of plaintiff's right, as a shareholder, to inspect the corporate books. Finally, plaintiff's complaint includes five stockholder's derivative claims, seeking damages, on behalf of the corporation, arising from the aforementioned conduct.

The claims raised in counts seven, eight and twelve, together with the stockholder's derivative claims, relate not to the employer/employee relationship between the parties, but to plaintiff's status as a stockholder and/or former officer and director of the corporation. In addition to money damages, these claims seek the equitable and extraordinary remedies of accounting, dissolution and receivership. Moreover, the stockholder's derivative claims present additional issues regarding plaintiff's ability to fairly and adequately represent the interests of the other shareholders and the corporation. *Cohen v. Bloch,* 507 F.Supp. 321, 324 (S.D.N.Y.1980).

In short, I find that the inclusion of these claims in this action will unnecessarily confuse the jury and prolong this litigation. Accordingly, the claims are dismissed without prejudice to plaintiff's right to assert them in a state court proceeding.

### Conclusion

Defendants' motion to dismiss Counts seven, eight, twelve, and the five stockholder's derivative claims is granted. In all other respects, defendants' motion is denied. The parties are hereby directed to proceed with discovery on the open issues.

SO ORDERED.