■ In the Matter of DAVID W. JAMES, Appellant, v THOMAS

A. Coughlin, III, as Commissioner of the Department of Correctional Services of the State of New York, et al., Respondents

The petitioner David James, a black person, was a probationary correction officer at the Downstate Correctional Facility when his employment was terminated by the respondents early in 1983. James filed a discrimination complaint with the New York State Division of Human Rights (hereinafter the Division) and as a result a conciliation agreement was entered into between the parties pursuant to which James was reinstated on July 7, 1983, with a "full new 12 month Probationary Evaluation Period". James was formally evaluated twice after his reinstatement and was notified in June 1984 that his probationary services were being terminated at the end of the month.

On July 31, 1984 James filed a complaint with the Division alleging, *inter alia,* that his termination was motivated by race, color and in retaliation for his filing of the previous complaint. On August 7, 1984, James commenced this CPLR article 78 proceeding in the Supreme Court against the respondents seeking reinstatement to his position. The allegations in the petition are virtually identical with those in the Division complaint, alleging additionally that the respondents' decision to discharge the petitioner was arbitrary, capricious and an abuse of discretion. The respondents moved to dismiss the petition, *inter alia,* on the ground that the petitioner was precluded from maintaining the proceeding by the election of remedies provision in Executive Law § 297 (9). Special Term's judgment granting the motion and dismissing the petition is the subject of this appeal.

Special Term properly dismissed the petition. Executive Law § 297 (9) grants to a person claiming to be aggrieved by an unlawful discriminatory practice the right to sue therefor unless he shall have filed a complaint with the Division. The filing of a complaint with the Division precludes the commencement of an action in court based on the same incident *(see, Emil v Dewey,* 49 NY2d 968, 969; *Matter of State Univ. v State Human Rights Appeal Bd.,* 81 AD2d 688, *affd* 55 NY2d

896), or based on the same discriminatory grievance *(see, Gondola v Center Moriches Union Free School Dist.,* 80 AD2d 600), and which seeks the same relief as that sought in the complaint *(see, Goosley v Binghamton City School Dist. Bd. of Educ.,* 101 AD2d 942, 943; *Low v Gibbs & Hill,* 92 AD2d 467, 468; *Gondola v Center Moriches Union Free School Dist., supra).* In this case both the complaint and the petition were based upon the termination of the petitioner's employment and sought his reinstatement. In addition, the allegations in the petition were virtually identical with those in the complaint *(cf. Spoon v American Agriculturalist,* 103 AD2d 929, 930). Although the petition added an allegation that the respondents' decision to discharge the petitioner was arbitrary, capricious and an abuse of discretion, thereby couching it in the terminology of CPLR 7803 (3), its essential thrust is the same as that contained in the complaint *(cf. Low v Gibbs & Hill, supra).* Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.