**Carl J. BUSCEMI, Plaintiff,**

v.

**PEPSICO, INC. and Pepsi–Cola, U.S.A., Defendants.**

**No. 86 Civ. 6382 (RLC).**

United States District Court, S.D. New York.

Dec. 12, 1989.

Jones, Hirsch, Connors & Bull, New York City, for plaintiff; James P. Connors, Steven H. Kaplan, of counsel.

Nitkin, Alkalay, Handler & Robbins, New York City (Jon Paul Robbins, of counsel), Kilpatrick & Cody, Atlanta, Ga. (James H. Coil, III, Edmund M. Kneisel, of counsel), for defendant.

## OPINION

ROBERT L. CARTER, District Judge.

This is an age discrimination suit in which plaintiff alleges violations of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1988), and New York State Human Rights Law, N.Y.Exec.Law §§ 290–301 (McKinney 1982 & Supp.1989). In an opinion and order dated March 27, 1989, *Buscemi v. PepsiCo*, 50 Emp.Prac.Dec. (CCH) ¶ 38,954 at 57,121, 1989 WL 31685 (S.D.N.Y.1989) (Carter, J.), the court dismissed the state law claim on the ground that it lacked subject matter jurisdiction as to that claim. New York Executive Law § 297(9) (McKinney 1982 & Supp.1989) dictates that, in cases such as the instant one in which a plaintiff has filed an age discrimination complaint with the New York State Division of Human Rights ("DHR"), the courts are divested of jurisdiction over the state cause of action. The court explained that "[a] complainant's right to bring suit is restored only if the DHR dismisses the complaint on the grounds of administrative convenience." *Id.* *See also, Low v. Gibbs & Hill,* 92 A.D.2d 467, 468, 459 N.Y.S.2d 47, 48 (1st Dept.1983).

Plaintiff now moves for reconsideration of that portion of the opinion and order dismissing his pendent state law claim. Plaintiff argues that in the time since that order was issued his state law claim has been dismissed by the DHR on grounds of administrative convenience, and that the court now has subject matter jurisdiction over that claim. He further asserts that the court should exercise pendent jurisdiction over the state law claim based on considerations of judicial economy, convenience and fairness.

Defendants do not dispute that a complainant's right to bring suit in state or federal court is restored where the DHR has dismissed the complaint on grounds of

administrative convenience.[1] They maintain instead that because plaintiff himself moved the agency to dismiss his complaint, the DHR's resolution of plaintiff's state law claim was in substance a dismissal pursuant to a "motion to withdraw" by plaintiff. Consequently, defendants contend, the determination did not have the effect of restoring the court's subject matter jurisdiction. In the alternative, defendants assert that the court should exercise its discretion to decline to adjudicate the state law claim. They argue that the circumstances of this case make the exercise of pendent jurisdiction inappropriate. Finally, if plaintiff's motion is granted, defendants request additional time to conduct discovery regarding the state law claim.

In asserting that the court lacks subject matter jurisdiction over plaintiff's state law claim, defendants rely upon this court's decision in *Cameron v. American Bazaar*, 41 Fair Empl.Prac.Cas. (BNA) 1600, 1986 WL 4540 (S.D.N.Y.1986) (Keenan, J.). *Cameron* interpreted N.Y.Exec.Law § 297(9) to hold that a complainant's request that her DHR complaint be dismissed without prejudice and the agency's resulting order or withdrawal, "did not give rise to the exclusive nullifying act of 'dismissal for administrative convenience.' " 41 Fair Empl.Prac.Cas. at 1601.

In *Cameron,* the court did describe a "withdrawal" of an administrative complaint as "voluntary in the hands of the grievant," and a "dismissal" as an action "initiated by the [DHR], without request of the grievant." *Id.* Importantly, however,

the court also looked to the substance of the administrative action in question to determine its character. Specifically, Judge Keenan noted that the DHR's order in the *Cameron* case "[did] not contain reference to 'administrative convenience,' grounds for dismissal, or the right to appeal, all legislatively mandated ingredients of a dismissal for administrative convenience as set forth in 9 NYCRR Subtitle J § 465.5(d)(3)." *Id.* at 1601 n. 2.

By contrast, the DHR's determination of June 6, 1989, in the case at bar expressly stated that "noticing the complaint for hearing would be undesirable and the complaint, therefore, is ordered dismissed *on grounds of administrative convenience....*" Plaintiff's Notice of Motion, Exhibit 2 at 1 (emphasis added). In addition, the DHR's order provided an explicit rationale for its decision [2] and explained the parties' right to appeal. *Id.*

It is evident from both the form and substance of the DHR determination that it was intended to and did serve as a dismissal on grounds of administrative convenience,[3] notwithstanding the fact that the administrative determination *may* have come at the request of plaintiff.[4] The court does not read the *Cameron* case to hold that initiation of a dismissal for reasons of administrative convenience by a plaintiff alone creates an irrebuttable presumption that the resulting order is one of withdrawal. Rather, where a determination comports with the legislative requirements of a dismissal on administrative convenience grounds,[5] and is described as such

---

1. The language of New York Executive Law § 297(9) states unequivocally that "where the [DHR] has dismissed such complaint on the ground of administrative convenience, [the complainant] shall maintain all rights to bring suit as if no complaint had been filed."

2. The document explained that "[p]rocessing this complaint will not advance the States' [sic] Human Rights goals." *Id.*

3. The text of the DHR determination specifically informed the parties that plaintiff was now free "to bring suit as if no complaint had been filed." Plaintiff's Notice of Motion, Exhibit 2 at 2 (quoting N.Y. Executive Law § 297(9)).

4. As plaintiff points out, Reply Brief in Support of Plaintiff's Motion for Reconsideration at 4, it

is not entirely clear that the DHR's action was in response to plaintiff's request at all as it came over one year after that request.

5. The relevant regulations, 9 NYCRR Subtitle J § 465.5(d), require the DHR to

issue and serve upon all parties an order dismissing said complaint, which shall state the grounds for such dismissal and shall contain notice to the complainant of a right to appeal to the Supreme Court in the county wherein the unlawful discriminatory practice which is the subject of the order occurs.

As described above, the DHR's determination in the instant case complied with all of these requirements.

**102**

by the agency itself, it should be given that effect by the federal judiciary.

The court finds that the DHR's determination of plaintiff's complaint was a dismissal on grounds of administrative convenience under New York law. The court therefore has subject matter jurisdiction over the state law claim and may exercise pendent jurisdiction.

 Defendants correctly note, however, that "pendent jurisdiction is a doctrine of discretion not of plaintiff's right." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Once a court has established that it possesses the power to exercise pendent jurisdiction,[6] it must then consider issues of judicial economy, convenience and fairness to the litigants. *Id.* at 726–27, 86 S.Ct. at 1139. In addition, courts should avoid "[n]eedless decisions of state law," and the likelihood of jury confusion. *Id.* In the instant case, these factors, taken together, support the adjudication of both claims in federal court.

Clearly considerations of convenience and economy militate toward the exercise of pendent jurisdiction. Hearing the state and federal claims in one action would prevent redundant efforts by the parties as well as conserve judicial resources. As one court has noted in the context of Title VII, 42 U.S.C. § 2000e, *et seq.* (1988), "[a]t a time when most state and federal courts are overloaded, two trials should not be conducted where one can fairly do the job." *Frykberg v. State Farm Mut. Auto. Ins. Co.,* 557 F.Supp. 517, 518 (W.D.N.C.1983).

As to possible prejudice to the parties, defendants point to no unfairness that will result if pendent jurisdiction is exercised, and none is apparent to the court. By contrast, separate trials would undoubtedly impose substantial additional costs upon both sides.

Defendants' assertion that New York law is unsettled as to the right of a complainant in plaintiff's position to pursue judicial remedies is without merit. Indeed, defendants identify no genuine dispute or ambiguity among the New York courts regarding the adjudication of state age discrimination claims.

With regard to the possibility of jury confusion, defendants argue that because plaintiff's state law claim seeks compensatory and punitive damages not available under the ADEA, joining the two actions in one trial would prove overly complex. It is true that the compensatory and punitive damages provided for under New York Human Rights Law, N.Y.Exec.Law § 297, are unavailable under the ADEA. *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 147 (2d Cir.1984). However, numerous federal courts have found concurrent adjudication of these somewhat disparate remedial provisions to be manageable in the employment discrimination context. *See, e.g., Perry v. Manocherian,* 675 F.Supp. 1417, 1429 (S.D.N.Y.1987) (Sweet, J.); *Studint v. LaSalle Ice Cream Co., Inc.,* 623 F.Supp. 232, 234–35 (E.D.N.Y.1985); *Frykberg v. State Farm Mut. Auto. Ins., supra* 557 F.Supp. at 519. The court does not view the negligible risk of jury confusion in this case as sufficient to outweigh the numerous factors supporting the exercise of pendent jurisdiction. "[G]iven advantages of economy and convenience and no unfairness to litigants, *Gibbs* contemplates adjudication of these claims." *Hagans v. Lavine,* 415 U.S. 528, 546, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974).

Plaintiff's motion for reconsideration is therefore granted. Upon reconsideration, the court finds that it now has subject matter jurisdiction over plaintiff's state law claim and will retain pendent jurisdiction over that claim.

Defendants are given until Friday, February 9, 1990 for discovery of plaintiff,

---

**6.** Given the existence of subject matter jurisdiction, defendants do not contend that the court lacks the authority to hear plaintiff's state law claim. The state and federal claims clearly "derive from a common nucleus of operative fact" (defendants' allegedly discriminatory acts), and are such that, irrespective of their state or federal character, plaintiff "would ordinarily be expected to try them in one judicial proceeding," as required by *Gibbs.* 383 U.S. at 725, 86 S.Ct. at 1138.

limited to the issues of mental state unique to the state law claim. This case has been pending since August, 1986 and the discovery cutoff date set by pretrial conference under Rule 16, F.R.Civ.P. has long since passed. A pretrial order is to be filed by Friday, February 23 and the case will be set in the court's trial term beginning April 2, 1990.

IT IS SO ORDERED.