■ ELSIE CRAIG-ORIOL, Appellant, v MOUNT SINAI HOSPITAL, Respondent. [607 NYS2d 391] —In an action, inter alia, to recover damages for alleged racial discrimination in employment, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated June 26, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Executive Law § 297 (9) provides that an individual aggrieved by unlawful discrimination on the part of an employer, as defined in Executive Law § 296, may sue in court for damages "and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights". The plaintiff had previously pursued an administrative action before the State Division of Human Rights, alleging, inter alia, that the defendant had discriminated against her during her employment because of her age. Upon investigation, however, the Division of Human Rights concluded that plaintiff's claim of discrimination was unfounded. The plaintiff subsequently brought this

action against the defendant, alleging that she had been instead the victim of *racial* discrimination on her job. The plaintiff is barred from maintaining this action because she has already pursued a statutory claim of employment discrimination encompassing the same allegedly invidious behavior on the part of her employer over the same period of time *(see,* Executive Law § 297 [9]; *Scott v Carter-Wallace, Inc.,* 147 AD2d 33, 35; *Horowitz v Aetna Life Ins.,* 148 AD2d 584; *Matter of James v Coughlin,* 124 AD2d 728; *Spoon v American Agriculturalist,* 103 AD2d 929; *Matter of State Div. of Human Rights v Luppino,* 35 AD2d 107, *affd* 29 NY2d 558). Moreover, there is a general prohibition against splitting a single claim into multiple legal actions *(see, O'Brien v City of Syracuse,* 54 NY2d 353; *Smith v Russell Sage Coll.,* 54 NY2d 185; *Brown v Lockwood,* 76 AD2d 721, 739-740). We also note that the plaintiff has adduced no evidence whatever of discrimination on the part of the defendant, whereas the record fully supports the defendant's position that the plaintiff's work was unsatisfactory, her absences were excessive, and that she had engaged in an altercation with a patient which escalated to the point of physical contact *(Dicocco v Capital Area Community Health Plan,* 135 AD2d 308). Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.