■ EDWARD WILSON, JR., Respondent, v CITY OF NEW YORK et al., Appellants. [953 NYS2d 499]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered January 28, 2011, which, in this CPLR article 78 proceeding, granted the petition to vacate and annul respondents' determination, dated May 21, 2009, terminating petitioner as a probationary corrections officer, and reinstated him to said position without back pay, unanimously reversed, on the law, without costs, respondents' termination of petitioner's employment reinstated, the petition denied and the proceeding dismissed.

A probationary employee may be dismissed for almost any reason, or for no reason at all, and the employee has no right to challenge the termination in a hearing or otherwise, absent a showing that he or she was dismissed in bad faith or for an improper or impermissible reason (*see Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]). The burden falls on the petitioner to demonstrate by competent proof that a substantial issue of bad faith exists, or that the termination was for an improper or impermissible reason (*see Matter of Che Lin Tsao v Kelly*, 28 AD3d 320, 321 [1st Dept 2006]).

The record demonstrates that petitioner was terminated during his probationary period for absenteeism, violation of respondents' rules by failing to report to his post on one occasion, and by being arrested for obstruction of governmental administration while off-duty. Petitioner failed to sustain his burden of showing bad faith or an improper motive. In any event, because petitioner filed a complaint with the State Division of Human Rights, subsequent judicial action on the same complaint is barred (*see Marine Midland Bank v New York State Div. of Human Rights*, 75 NY2d 240, 245 [1989]). Concur—Gonzalez, P.J., Saxe, Catterson, Acosta and Gische, JJ. ■