In an action to recover damages for employment discrimination, inter alia, on the basis of race in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Bangs County (Partnow, J.), dated May 17, 2011, which granted the defendant’s motion to dismiss the complaint on the ground that it is barred by the election of remedies provision of the Executive Law.
Ordered that the order is affirmed, with costs.
Insofar as is relevant to this case, Executive Law § 297 (9) provides that an individual aggrieved by unlawful discrimination on the part of an employer may sue in court for damages and such other remedies as may be appropriate “unless such person had filed a complaint hereunder or with any local com *996 mission on human rights, or with the superintendent . . . provided that, where the division has dismissed such complaint on the grounds of administrative convenience . . . such person shall maintain all rights to bring suit as if no complaint had been filed with the division.” The plaintiff had previously pursued an administrative proceeding before the State Division of Human Rights, alleging, inter alia, that the defendant had discriminated against him during his employment because of his race. Upon investigation, however, the Division of Human Rights concluded that the plaintiffs claim of discrimination was unfounded. The plaintiff subsequently commenced this action against the defendant, alleging, inter alia, discrimination based on race.
The plaintiff is barred from maintaining this action by the election of remedies doctrine because the instant claims are based on the same allegedly discriminatory conduct asserted in the Division of Human Rights proceedings (see Executive Law § 297 [9]; Benjamin v New York City Dept. of Health, 57 AD3d 403, 404 [2008]; Craig-Oriol v Mount Sinai Hosp., 201 AD2d 449, 449-450 [1994]). Additionally, the record indicates that the Division of Human Rights dismissed the plaintiff’s prior discrimination claim on the merits and not for mere administrative convenience. Accordingly, the defendant’s motion to dismiss the complaint was properly granted. Mastro, J.R, Leventhal, Sgroi and Miller, JJ., concur.