14-1470-cv
Klaper v. Cypress Hills Cemetery

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand fifteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

———————————————————————

Jozef Klaper,

> *Plaintiff-Appellant-Cross-Appellee*,

      v.                                    14-1470-cv

Cypress Hills Cemetery,

> *Defendant-Appellee-Cross-Appellant*.

———————————————————————

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Tomasz J. Piotrowski, T.J. Piotrowski Law Firm, Brooklyn, NY. |
| FOR DEFENDANT-APPELLEE: | Richard J. Cea, Wingate, Kearney & Cullen, LLP, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jozef Klaper ("Klaper") appeals the district court's order in which it granted summary judgment in favor of his employer, Cypress Hills Cemetery ("CHC"), with respect to his employment discrimination claims under the Americans with Disabilities Act of 1990 ("ADA"), New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Upon such review, we conclude that the district court properly granted summary judgment to CHC for substantially the same reasons set forth in its thorough memorandum and order. *Klaper v. Cypress Hills Cemetery*, No. 10-CV-1811 NGG LB, 2014 WL 1343449 (E.D.N.Y. Mar. 31, 2014). In particular, we agree with the district court's application of the *McDonnell-Douglas* burden-shifting framework to Klaper's claims and its determination that even if Klaper could establish a *prima facie* case of employment discrimination under the ADA,

2

his violation of the last chance stipulation constituted a legitimate, nondiscriminatory justification for CHC to terminate his employment. By Klaper's own admission, he did not return to work on the date stipulated. Klaper fails to demonstrate that the resulting adverse employment action was related to his alcoholism rather than a consequence of his failure to return to work pursuant to the stipulation. Klaper's argument that CHC was obligated to make further accommodation after his breach of the stipulation is also unavailing. As the district court properly reflected, "[i]f [Klaper's] reasoning were correct, the Stipulation—and indeed all 'last chance' or 'return to work' agreements for alcoholic employees—would be rendered nugatory because they would leave the employer with no recourse if the employee continued the alcoholism-related misconduct that required the execution of a 'last chance' agreement in the first place." *Id.* at *8.

As to Klaper's claim that the district court erred in declining to exercise supplemental jurisdiction over his NYSHRL and NYCHRL claims, the district court was under no obligation to do so. *See* 28 U.S.C. § 1367(c)(3) (A district court "may decline to exercise supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction.").

We have considered all of Klaper's remaining arguments, and find them to be without merit. Accordingly, we **AFFIRM** the district court's grant of summary judgment.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

3