■ In the Matter of ARIF NIZAMUDDEEN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Also Known as MTA NEW YORK CITY TRANSIT, Respondent. [33 NYS3d 399]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated March 26, 2014, which terminated the petitioner's employment as a probationary bus operator, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bunyan, J.), dated March 27, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On January 17, 2011, the respondent, New York City Transit Authority, also known as MTA New York City Transit, hired the petitioner as a bus operator subject to a probationary period of employment. The petitioner notified the respondent that, in 2006, he had been diagnosed with non-Hodgkin's lymphoma, which was in remission. After numerous extensions of the petitioner's period of probation, the respondent terminated the petitioner's employment in March 2014 due to his unsatisfactory attendance record after multiple episodes of absences from work.

On June 25, 2014, the petitioner filed a complaint with the New York State Division of Human Rights (hereinafter the Division) alleging, inter alia, that the respondent terminated his employment because of his disability in violation of Executive Law article 15.

Thereafter, the petitioner commenced this CPLR article 78 proceeding against the respondent in the Supreme Court, Kings County, asserting essentially identical allegations to those in the complaint the petitioner filed with the Division.

In a judgment dated March 27, 2015, the Supreme Court denied the petition and dismissed the proceeding on the ground that the petitioner was precluded from maintaining the proceeding by the election of remedies provision in Executive Law § 297 (9). The petitioner appeals.

Executive Law § 297 (9) provides that an individual claiming to be aggrieved by unlawful discrimination on the part of the employer may sue in court " 'unless such person had filed a complaint [with the Division]' " (*Wrenn v Verizon*, 106 AD3d 995, 995-996 [2013], quoting Executive Law § 297 [9]; *see Matter of James v Coughlin*, 124 AD2d 728, 729-730 [1986]). The filing of a complaint with the Division precludes the commencement of an action in the Supreme Court asserting the same discriminatory acts (*see Wrenn v Verizon*, 106 AD3d at 995-996; *Ehrlich v Kantor*, 213 AD2d 447, 447 [1995]; *Craig-Oriol v Mount Sinai Hosp.*, 201 AD2d 449, 450 [1994]).

Here, the petitioner is barred from maintaining this CPLR article 78 proceeding by the election of remedies doctrine because the instant claims are based on the same allegedly discriminatory conduct asserted in the petitioner's complaint filed with the Division (*see* Executive Law § 297 [9]; *Matter of James v Coughlin*, 124 AD2d at 729-730; *see also Wrenn v Verizon*, 106 AD3d at 995-996; *Ehrlich v Kantor*, 213 AD2d at 447; *Craig-Oriol v Mount Sinai Hosp.*, 201 AD2d at 450). Additionally, the record indicates that the Division dismissed the petitioner's prior discrimination claim on the merits and not for mere administrative convenience (*see Wrenn v Verizon*, 106 AD3d at 996). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

In light of the foregoing, the petitioner's remaining contentions are academic. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.