■ FRANK J. VETRO, Appellant, v HAMPTON BAYS UNION FREE SCHOOL DISTRICT et al., Respondents. [50 NYS3d 102]—

In an action, inter alia, to recover damages for wrongful termination of employment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated July 14, 2014, which denied his motion for summary judgment on

the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Pursuant to the election of remedies doctrine, the filing of a complaint with the New York State Division of Human Rights (hereinafter the Division) precludes the commencement of an action in the Supreme Court asserting the same discriminatory acts (*see* Executive Law § 297 [9]; *Wrenn v Verizon*, 106 AD3d 995, 995-996 [2013]; *Ehrlich v Kantor*, 213 AD2d 447 [1995]; *Craig-Oriol v Mount Sinai Hosp.*, 201 AD2d 449, 450 [1994]). However, Executive Law § 297 (9) provides that, " 'where the [D]ivision has dismissed such complaint on the grounds of administrative convenience[,] . . . such person shall maintain all rights to bring suit as if no complaint had been filed with the [D]ivision' " (*Wrenn v Verizon*, 106 AD3d at 996, quoting Executive Law § 297 [9]; *see Matter of James v Coughlin*, 124 AD2d 728, 729-730 [1986]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint. They adduced evidence that the complaint in this action is based on the same allegedly discriminatory conduct asserted in complaints the plaintiff filed with the Division (*see* Executive Law § 297 [9]; *Matter of Nizamuddeen v New York City Tr. Auth.*, 140 AD3d 880 [2016]; *Matter of James v Coughlin*, 124 AD2d at 729-730; *see also Wrenn v Verizon*, 106 AD3d at 995-996; *Ehrlich v Kantor*, 213 AD2d at 447; *Craig-Oriol v Mount Sinai Hosp.*, 201 AD2d at 450), and that the Division dismissed those complaints on the merits and not for mere administrative convenience (*see Wrenn v Verizon*, 106 AD3d at 996). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the ground that this action is barred by the election of remedies doctrine.

In light of our determination, the plaintiff's remaining contentions have been rendered academic. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.