Klaper v Cypress Hills Cemetery (2020 NY Slip Op 03505)





Klaper v Cypress Hills Cemetery


2020 NY Slip Op 03505


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-12547
 (Index No. 9951/15)

[*1]Jozef Klaper, appellant, 
v
Cypress Hills Cemetery, respondent.


Tomasz J. Piotrowski, Brooklyn, NY, for appellant.
Wingate, Kearney & Cullen, LLP, Brooklyn, NY (Richard J. Cea of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for employment discrimination and hostile work environment on the basis of age and national origin in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.), the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated October 21, 2016. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The defendant hired the plaintiff as a seasonal field worker on May 9, 2005. Thereafter, in May 2008, the plaintiff was hired for a full-time, year-round position as a "regular" field worker. Following an argument with a coworker on June 27, 2008, the plaintiff did not return to work for the next two workdays. Upon his return to work on July 2, 2008, the plaintiff was informed by his supervisor that his employment had been terminated.
Local 74 of the United Service Workers Union (hereinafter the union), of which the plaintiff was a member, intervened on behalf of the plaintiff. As a result, a "final chance stipulation" was entered into whereby the plaintiff's employment was suspended for three months, during which time, the plaintiff would attend an alcohol treatment program, after which he would be permitted to return to work. The date the plaintiff was originally scheduled to return to work was October 1, 2008. That date was later changed to October 2, 2008, the day after the defendant was to complete an inpatient alcohol treatment program. The plaintiff did not return to work on October 2, 2008, and his employment was terminated effective October 9, 2008.
In November 2008, the plaintiff filed a complaint with the New York State Division of Human Rights (hereinafter NYSDHR), alleging that the defendant discriminated against him in violation of, inter alia, the New York State Human Rights Law (Executive Law § 296) based upon his age, national origin of being Polish, and disability related to his alcoholism. After the plaintiff did not respond to the NYSDHR's requests for further information and failed to appear for a "One Party Conference," his NYSDHR complaint was dismissed. In a Determination and Order after Investigation dated February 22, 2010, the NYSDHR noted that the plaintiff's employment was ultimately terminated for the failure to abide by the terms of the "final chance stipulation." The [*2]NYSDHR also noted that the defendant hired and retained other workers of Polish ethnic background, and had recalled the plaintiff three times for seasonal work. The NYSDHR found that the defendant presented legitimate, nondiscriminatory reasons for its actions towards the plaintiff, and that the plaintiff had failed to show that those reasons were pretextual. The NYSDHR also indicated that its investigation found no causal nexus between the plaintiff's disability, national origin, or age and the defendant's actions.
In April 2010, the plaintiff commenced an action against the defendant and the union in the United States District Court for the Eastern District of New York, alleging employment discrimination based upon national origin, age, and disability (hereinafter the federal complaint). After the federal complaint insofar as asserted against the union was dismissed (see Klaper v Cypress Hills Cemetery, 2012 WL 959403 [ED NY, March 21, 2012, No. 10-CV-1811 (NGG) (LB)]), the defendant moved for summary judgment dismissing the federal complaint insofar as asserted against it. The defendant's motion was granted to the extent that the claim of discrimination based upon the plaintiff's disability was dismissed (see Klaper v Cypress Hills Cemetery, 2014 WL 1343449, 2014 US Dist LEXIS 46470 [ED NY, March 31, 2014, No. 10-CV-1811(NGG) (LB)], affd 593 Fed Appx 89 [2d Cir]). The plaintiff's claims based upon the New York State Human Rights Law and the New York City Human Rights Law were dismissed without prejudice pursuant to 28 USC § 1367(c)(3). The United States Court of Appeals for the Second Circuit affirmed the March 2014 order, finding that the plaintiff's violation of the "final chance stipulation," which provided for his immediate return to work after completing treatment for alcoholism constituted a valid nondiscriminatory reason for the termination of his employment (see Klaper v Cypress Hills Cemetery, 593 Fed Appx at 90).
In August 2015, the plaintiff commenced this action against the defendant to recover damages for employment discrimination and hostile work environment on the basis of age and national origin in violation of the New York City Human Rights Law (Administrative Code § 8-101 et seq.). In his complaint, the plaintiff alleged that, during his employment, his supervisors and coworkers referred to him by derogatory names which purportedly mocked his age and national origin. The plaintiff claimed that, as a result of the harassment, he became depressed and started drinking alcohol. The plaintiff contended that the defendant fabricated reasons for terminating his employment, by falsely claiming that, on June 27, 2008, he was observed carrying a handgun, and was overheard threatening to kill a coworker who allegedly harassed him based upon age and national origin.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, inter alia, as barred by the doctrines of election of remedies and collateral estoppel. The Supreme Court granted the defendant's motion. The plaintiff appeals.
Administrative Code § 8-502(a) states that a person claiming to be aggrieved by an unlawful discriminatory practice pursuant to the New York City Human Rights Law may commence a civil action for damages "unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice." " Pursuant to the election of remedies doctrine, the filing of a complaint with [the Division] precludes the commencement of an action in the Supreme Court asserting the same discriminatory acts'" (Luckie v Northern Adult Day Health Care Ctr., 161 AD3d 845, 846, quoting Vetro v Hampton Bays Union Free Sch. Dist., 148 AD3d 963, 964; see Emil v Dewey, 49 NY2d 968, 969; Rodriguez v Dickard Widder Indus., 150 AD3d 1169, 1171). Here, the plaintiff's causes of action are based on the same alleged discriminatory conduct asserted in the NYSDHR complaint, which were ultimately dismissed on the merits (see Craig-Oriol v Mount Sinai Hosp., 201 AD2d 449, 449-450). Therefore, the plaintiff is barred from asserting those claims under the New York City Human Rights Law in this action (see Luckie v Northern Adult Day Health Care Ctr., 161 AD3d at 846; Rodriguez v Dickard Widder Indus., 150 AD3d at 1171; Vetro v Hampton Bays Union Free Sch. Dist., 148 AD3d at 964). The fact that the plaintiff proceeded pro se in filing the NYSDHR complaint or had other difficulties, such as a language barrier, does not preclude the application of the doctrine of the election of remedies (see Magini v Otnorp, Ltd., 180 AD2d 476, [*3]477). Although the plaintiff is currently alleging violations of the New York City Human Rights Law as opposed to violations of the New York State Humans Rights Law, the election of remedies doctrine still applies to foreclose the plaintiff from proceeding with the instant action (see Luckie v Northern Adult Day Health Care Ctr., 161 AD3d at 846; see also Wiercinski v Mangia, 57, Inc., 2010 WL 2681168, *2, 2010 US Dist LEXIS 66498, *7-8 [ED NY, July 2, 2010, No. 09-CV-4413 (ILG)]]).
Moreover, the plaintiff has alleged that the hostile work environment led to his alcohol abuse and ultimately the termination of his employment by the same supervisor who participated in the alleged hostile work environment. Since the facts "emanate from a continuing process," although additional facts appear in the complaint filed in the instant action than appeared in the NYSCHR complaint, the claims of hostile work environment and wrongful termination cannot be treated as separate and distinct (see Spoon v American Agriculturalist, 103 AD2d 929, 930).
The proponent of the application of the doctrine of collateral estoppel has the burden of establishing an identity of issues, and the opponent of the application of the doctrine has the burden of establishing an absence of a full and fair opportunity to litigate (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349; Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 71). Here, the defendant demonstrated that the allegations in the instant complaint indicate that there was an identity of issues, and the plaintiff failed to establish the absence of a full and fair opportunity to litigate these issues in the NYSDHR proceeding. Accordingly, prosecution of this action is also barred by the doctrine of collateral estoppel.
The parties' remaining contentions need not be addressed in light of our determination.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court