Bradshaw v City of New York (2021 NY Slip Op 07060)





Bradshaw v City of New York


2021 NY Slip Op 07060


Decided on December 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 16, 2021

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Index No. 24919/20E Appeal No. 14868 Case No. 2021-01234 

[*1]Sherrina Bradshaw, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered February 26, 2021, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the causes of action for gender discrimination, hostile work environment, and retaliation, unanimously affirmed, without costs.
Plaintiff's claims for gender discrimination, hostile work environment, and retaliation under the New York State Human Rights Law (Executive Law § 296) and New York City Human Rights Law (Administrative Code of the City of New York § 8-107) are precluded by the doctrine of res judicata because the claims could have been brought in her prior federal action, which alleged gender discrimination under 42 USC § 1983 (see Matter of Hunter, 4 NY3d 260, 269 [2005]; see also Abe v New York Univ., 169 AD3d 445, 449 [1st Dept 2019], lv dismissed 34 NY3d 1089 [2020]). The allegations in plaintiff's state court complaint are, in fact, nearly identical to those contained in her federal court complaint, since her claims arise under the same operative facts.
Plaintiff acknowledges that her claim for disability discrimination is barred by the election of remedies doctrine, as she elected to first file a New York State Division of Human Rights (DHR) complaint alleging disability discrimination. We find that her claims for gender discrimination, hostile work environment, and retaliation are also barred by that doctrine (see Benjamin v New York City Dept. of Health, 57 AD3d 403, 403-404 [1st Dept 2008], lv dismissed 14 NY3d 880 [2010]). Although plaintiff's state court complaint asserts additional claims of gender discrimination, it is still "based on the same alleged discriminatory conduct," allegedly leading to her termination, as asserted in the DHR complaint (id. at 404; see Craig-Oriol v Mount Sinai Hosp., 201 AD2d 449, 449-450 [2d Dept 1994], lv denied 85 NY2d 804 [1995]). Indeed, plaintiff expressly alleged in the DHR complaint that defendant engaged in retaliation against her and created a hostile work environment.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2021