**Esposito v State of N.Y. Unified Ct. Sys.**

2025 NY Slip Op 30079(U)

January 10, 2025

Supreme Court, New York County

Docket Number: Index No. 154575/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. MARY V. ROSADO**                    PART          33M

*Justice*

-------------------------------------------------------------------------X

JOSEPH ESPOSITO, LAURIE DILLON

|  |  |
|---|---|
| INDEX NO. | 154575/2024 |
| MOTION DATE | 06/24/2024 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

STATE OF NEW YORK UNIFIED COURT SYSTEM,

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34

were read on this motion to/for                    DISMISSAL                    .

Upon the foregoing documents, and after oral argument, which was scheduled for September 5, 2024, where Plaintiffs Joseph Esposito ("Esposito") and Laurie Dillon ("Dillon") (collectively "Plaintiffs") failed to appear and Michael J. Siudzinski, Esq. appeared for the Defendant State of New York Unified Court System ("Defendant" or "UCS"), Defendant's motion to dismiss Plaintiffs' Complaint is granted.

## I.     Background

Plaintiffs have brought this action alleging religious and disability-based discrimination in violation of the New York State Human Rights Law ("NYSHRL") and New York City Human ("NYCHRL"). Plaintiffs allege they were fired for refusing to receive the Covid-19 vaccine. Defendant now moves to dismiss on various grounds.[1]

---

[1] Defendant originally asserted that Plaintiff failed to properly serve UCS, however Defendant has since withdrawn this branch of its motion to dismiss.

**154575/2024   ESPOSITO, JOSEPH ET AL vs. STATE OF NEW YORK UNIFIED COURT SYSTEM**          **Page 1 of 5**
**Motion No.  001**

1 of 5

## II.    Discussion

### A. Standard

As held by the First Department and the Court of Appeals, a trial court may consider documentary evidence on a CPLR 3211(a)(7) to attack the sufficiency of a pleading if the evidence conclusively establishes that Plaintiff has no cause of action (*Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128 [1st Dept 2014] citing *Rovello v Orofino Realty Co., Inc.*, 40 NY2d 633, 636 [1976]). When documentary evidence is submitted by a defendant on a CPLR 3211(a)(7) motion, "the standard morphs from whether the plaintiff has stated a cause of action to whether it has one" (Hon. John R. Higgitt, *CPLR 3211[A][7]: Demurrer or Merits-Testing Device?*, 73 Albany Law Review 99, 110 [2009]). As held by the Hon. Dianne T. Renwick, in considering documentary evidence on a CPLR 3211(a)(7) motion, "the key should be whether the evidence adduced conclusively negates an element of the cause of action" (*Basis Yield Alpha Fund (Master)*, *supra* at 134 n. 4).

Moreover, conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

### B. New York City Human Rights Law ("NYCHRL") Claims

The parties agree that the Unified Court System, being a state agency, is not subject to the NYCHRL on the grounds of sovereign immunity. Therefore, the NYCHRL claims are dismissed as abandoned (*see also Emengo v State*, 143 AD3d 508, 510 [1st Dept 2016]).

**154575/2024   ESPOSITO, JOSEPH ET AL vs. STATE OF NEW YORK UNIFIED COURT SYSTEM**      **Page 2 of 5**
**Motion No.  001**

2 of 5

[* 2]

## C. Esposito's Election of Remedies

Esposito's failure to accommodate based on his disability and religious beliefs claims are dismissed. Esposito filed a Complaint with the New York State Division of Human Rights ("NYSHDR") based on alleged facts identical to this case. After UCS responded to Esposito's Complaint, and after investigating, NYSDHR determined that UCS did not engage in any unlawful discriminatory practice (NYSCEF Doc. 14). NYSDHR dismissed Esposito's Complaint.

The New York State Human Rights Law ("NYSHRL") contains an election of remedies provision which bars a plaintiff from seeking relief in Court based on identical facts and circumstances already litigated in the NYSDHR (*see* Exec. Law § 297[9]). Therefore, subsequent judicial action on the same complaint already dismissed by NYSDHR is barred (*see also Klaper v Cypress Hills* Cemetery, 184 AD3d 813 [2d Dept 2020]; *Wilson v City of New York*, 100 AD3d 453 [1st Dept 2012]). Because Plaintiff elected to litigate his discrimination claims in NYSDHR, and already received a determination that his alleged claims of discrimination have no merit, he is statutorily barred from relitigating those issues here. Thus, Esposito's NYSHRL claims are dismissed.

## D. Dillon's NYSHRL Claims

Dillon's claim for failure to accommodate her religious beliefs under the NYSHRL is dismissed. Pursuant to the Court of Appeals, the standard for failure to accommodate under the NYSHRL are the same as the federal standards under Title VII of the Civil Rights Act of 1964 (*Forrest v Jewish guild for the Blind*, 3 NY3d 295, 330 n.3 [2004]). To adequately allege religious discrimination for failure to accommodate under the NYSHRL, a plaintiff must allege "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employer of this belief; and (3) they were disciplined for failure to comply with the conflicting

**154575/2024  ESPOSITO, JOSEPH ET AL vs. STATE OF NEW YORK UNIFIED COURT SYSTEM**    **Page 3 of 5**
Motion No.  001

3 of 5

employment requirement" (*Knight v Connecticut Dept. of Pub. Health*, 275 F3d 156, 167 [2d Cir. 2001]). Here, based on the facts alleged in the Complaint, coupled with the unrefuted documentary evidence of Dillon's religious exemption request, the Court finds that Dillon has no claim for failure to accommodate based on her religious beliefs.

In her exemption request, Dillon explicitly stated "I am not willing to describe these personal religious beliefs due to the reasonable fear that if others have knowledge of my personal religious beliefs it may engender discrimination against me." Dillon therefore refused to inform UCS what beliefs needed accommodation and precluded her from being vaccinated. An employee's failure to inform her employer of her religious needs and to assist in the accommodation process by providing information on those needs is fatal to a claim for failure to accommodate (*Rivera v EarlyBird Delivery Systems,* LLC, 127 AD3d 542 [1st Dept 2015]; *see also Engstrom v Kinney System, Inc.*, 241 AD2d 420 [1st Dept 1997]). It is impossible to expect UCS to provide an accommodation to Dillon when Dillon admittedly refused to disclose the beliefs that needed to be accommodated. Therefore, Dillon's refusal to disclose her religious belief in seeking an accommodation is fatal and requires dismissal.

Dillon's NYSHRL for failure to accommodate her disability claim is also dismissed. To allege a disability discrimination claim based on failure to accommodate, a plaintiff must allege that she (a) has a disability; (b) her employer had notice of her disability; (c) plaintiff could perform the essential functions of her job with a reasonable accommodation, and (d) the employer refused to make such accommodation (*Tafolla v Heilig*, 80 F.4th 111 [2d Cir 2023]). The parties must show that they engaged in a good faith interactive process in assessing the needs and reasonableness of the accommodation (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824 [2014]).

Here, Dillon submitted a note from a nurse practitioner stating that the COVID-19 vaccine would put Dillon at a risk of death based on an undisclosed "underlying medical condition" (NYSCEF Doc. 17). In response, Defendant did not deny Dillon an accommodation, but requested confirmation of Dillon's disability from a board-certified allergist, rheumatologist, or endocrinologist (NYSCEF Doc. 18). Dillon never submitted that documentation. Based on Dillon's failure to comply with the interactive process she did not receive an accommodation. It cannot be alleged that UCS failed to provide an accommodation when she failed to provide any of the requested medical information regarding her alleged disability.

Just as with Dillon's religious discrimination claim, the unrefuted documentary evidence negates essential elements of Dillon's disability claim (*see, e.g. Whitney v Bronx-Lebanon Hosp. Center*, 150 AD3d 587 [1st Dept 2017] [nurse's note stating that plaintiff suffered from unspecified chronic medical condition was insufficient to demonstrate plaintiff had disability within meaning of NYSHRL]). Therefore, Plaintiffs' Complaint is dismissed.

Accordingly, it is hereby,

ORDERED that Defendant's motion to dismiss is granted in its entirety, and Plaintiffs' Complaint is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/10/2025 | | | | | *May V Rosado JSC* | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |
| **CHECK ONE:** | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | x | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**154575/2024 ESPOSITO, JOSEPH ET AL vs. STATE OF NEW YORK UNIFIED COURT SYSTEM** Page 5 of 5
**Motion No. 001**