Abuhamdia v New York Presbyt. Hosp.

2026 NY Slip Op 02052

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Hisham Abuhamdia, Appellant,

v

New York Presbyterian Hospital, Respondent.

Decided and Entered: April 07, 2026

Index No. 100837/25|Appeal No. 6275|Case No. 2025-07227|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Hisham Abuhamdia, appellant pro se.

Baker & Hostetler LLP, New York (Justin A. Guilfoyle of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Judy H. Kim, J.), entered October 9, 2025, which granted defendant's motion to dismiss plaintiff's claims brought under the New York State Human Rights Law (HRL), unanimously affirmed, without costs.

Plaintiff's pending complaint with the New York State Division of Human Rights bars plaintiff's assertion of HRL claims in the instant complaint under the election of remedies provision (see Executive Law § 297[9]). Both complaints arise out of the same facts and circumstances—defendant's alleged refusal to grant plaintiff a disability accommodation and subsequent termination of plaintiff's employment (see Jones v Gilman Paper Co., 166 AD2d 294, 294 [1st Dept 1990]).

No whistleblower claim under Labor Law § 740 is apparent in the complaint, which, on its face, asserts only claims under the State HRL. In any event, the election of remedies doctrine bars a complaint that is "couched in terms of" another cause of action where, as here, "it is obvious that its essential thrust is the same as that contained in" the DHR complaint (Low v Gibbs & Hill, 92 AD2d 467, 468 [1st Dept 1983]). Even if the complaint could be read to invoke Labor Law § 740, it fails to state a cause of action under that provision because defendant had already commenced the termination process before plaintiff engaged in alleged protected activity (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 129 [1st Dept 2012]).

We have considered plaintiff's additional arguments and find them unavailing.THIS CONSTITUTES

THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026